## Combs v. Commonwealth.

(Decided May 22, 1928.)

### Appeal from Perry Circuit Court.

1. Indictment and Information.—Indictment returned at April, 1926, term of Perry county court held valid, notwithstanding Act of General Assemly of 1926, approved on March 25, 1926, abolishing the term (Act, 1926, c. 54), passed as emergency measure, since emergency clause was void, and act did not take effect until 90 days after adjournment of Legislature under Constitution, sec. 55.

2. Criminal Law.—Jury's determination of facts of case must be based on evidence, and reviewing court must give the evidence the construction most favorable to the commonwealth of which it is reasonably susceptible in determining whether issue of defendant's guilt should be submitted to jury.

3. Criminal Law.—In order that a person may be convicted as "aider and abettor" of felony, he must not only be present actually or constructively at time of crime, but must have rendered assistance or encouragement to the perpetrator of the crime with knowledge of his felonious intent; offense of "aiding and abetting" being com-

mitted by person present who does some act or speaks some word aiding the actual perpetrator of the crime; an "abettor" being an instigator of the crime or one who promotes or procures it to be committed.

4.  Criminal Law.—Accused person cannot be convicted of an independent crime committed by a confederate, unless its commission necessarily took place in execution of common design to promote the crime, to prevent discovery, or to facilitate escape.

5.  Criminal Law.—To constitute an "aider or abettor," it is not necessary that there should be a prearrangement or mutual understanding or concert of action in the commission of the crime, but, in the absence of these factors, person charged must have encouraged principal in some way by some overt act or oral expression.

6.  Homicide.—Conviction as aider or abettor in crime of murder held not sustained as to defendant engaging in fist fight with several other persons, where defendant's companion, previously unarmed, picked up pistol dropped by adversary, and immediately fired fatal shot, and where there was no showing of concerted action, or that defendant gave any encouragement to his confederate in commission of the homicide.

W. C. EVERSOLE for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

John Combs was indicted jointly with Joe Newberry and Dill Asher for the murder of Liew Banks. The indictment was in four counts, one count charging a conspiracy among the defendants to commit the crime, and the others charging each of the defendants separately as principal with the others aiding and abetting in the murder of Banks. On a separate trial, Newberry was convicted, and his punishment fixed at life imprisonment, which was affirmed by this court. Newberry v. Commonwealth, 222 Ky. 630, 1 S. W. (2d) 1045. Combs was tried and convicted on a count in the indictment of aiding and abetting Newberry in the murder of Banks, and his punishment fixed at ten years in the state penitentiary, from which conviction he prosecutes the present appeal.

But two points are presented to us for consideration. It is first insisted that the indictment herein is invalid, because it was returned at the April term, 1926, of the Perry circuit court, seventy-second day, when in fact there was no April term of the Perry circuit court, because that term was abolished by the act of the Gen-

eral Assembly of 1926, approved by the Governor on March 25, 1926, and the next regular term of that court under the new act began on the second Monday in June, and lasted 24 days. Acts 1926, c. 54, p. 168. It was held by this court in McIntyre v. Commonwealth, 221 Ky. 17, 297 S. W. 931, and in Deaton v. Commonwealth, 220 Ky. 343, 295 S. W. 167, that the emergency clause in the act of March 25, 1926, was invalid on its face and for that reason the act changing the terms of court in the Thirty-Third judicial district comprised of the counties of Leslie and Perry, did not take effect until 90 days after adjournment of the Legislature. Constitution, sec. 55. Consequently, there was in fact and in law an April term of the court in that year, and we cannot say from anything appearing in the record that the grand jury was not legally in session, or that the indictment in this case was invalid. Cf. Sloan v. Com., 211 Ky. 318, 277 S. W. 488.

The next insistence is that the appellant should have a peremptory instruction of not guilty, on the ground that the evidence was insufficient to show that he rendered any aid or assistance to Newberry, or in any way incited, counseled, encouraged, or advised him in the commission of the crime. The facts in this record are very similar to those appearing in the Newberry case, which are fully stated in that opinion, and need not be repeated. There can be no doubt that Newberry and Combs were together on the occasion involved, and had been for some time, but Combs knew that Newberry was unarmed, and neither of them knew the deceased, Liew Banks, or any of his companions. The commonwealth proved by one witness who did not know any of the four boys involved in the difficulty that John Combs hit the deceased with his fist, but it was before the killing occurred, and apparently before the pistol was procured. There is nothing to show that Combs had any knowledge, or any reason to believe, that Newberry would inflict serious injury on Banks. Combs and Newberry were fighting the two Bailey boys and the two Banks boys, but they were fighting independently with their fists, and the two were holding their own very well against the four. There may be circumstances under which mere participation in a fight, knowing that an associate and ally is armed and likely to kill somebody, will furnish sufficient evidence of aiding, encouraging, and abetting to warrant submission of the case to a jury, but we cannot say from

this record that there is any evidence that Combs aided or abetted, counseled or advised, commanded or encouraged, Newberry to kill Banks. The deceased, Liew Banks, or his cousin, Fred Banks, had the pistol. The evidence is conflicting on that point, but the one that had the pistol pointed it at Newberry, whereupon Dill Asher, with his pistol, compelled the other party to drop the weapon, which Newberry immediately seized, and with it shot the deceased in the back of the head while he was trying to get away. Asher had not taken any part in the fight, but happened along at the critical moment.

There is evidence that John Combs hit Fred Banks and one of the Bailey boys with his fist, and kicked another of the Baileys. Of course, it is for the jury to determine the facts of the case, but their determination must be based on evidence. It is our duty to give the evidence the construction most favorable to the commonwealth of which it is reasonably susceptible, and, when that is done, if it tends to prove the guilt of the defendant, the case should be submitted to the jury. Kirk v. Commonwealth, 192 Ky. 460, 233 S. W. 1060.

If it be admitted that the jury believed that Combs hit the deceased before he was shot, that he struck one of the Baileys, and kicked the other after that one was hit by Newberry with a bottle, that he had gone to the residence of Asher for assistance or to procure a pistol, but failed to get either, that he was present all the time the altercation continued, and vainly endeavored to pick up the pistol of Banks as it fell on the ground, still we cannot say that these circumstances are not perfectly consistent with a hypothesis of the innocence of the accused. Combs did not shoot the deceased. It is admitted that Newberry alone did so. There was no evidence of a conspiracy, so the Commonwealth's whole case rests upon the charge that Combs was present, aiding and assisting, counseling and advising, encouraging and commanding, Newberry to commit the crime. We find no evidence that Combs spoke a word to Newberry, or assisted Newberry in any way to obtain possession of the pistol, or asked or encouraged him to use it. The pistol was fired almost instantly after Newberry obtained possession of it, and there is nothing to sustain the conviction of Combs, except the mere fact that he was present near enough to assist, and his participation in the general fist fight prior to the killing of Banks.

The offense of aiding and abetting is committed by a person being present, and, although not the direct perpetrator of the crime, yet doing some act or speaking some word to render aid or encouragement to the actual perpetrator thereof. Indeed, actual presence is not always necessary, if the aider be so situated as to come readily to the assistance of his fellow. An abettor is generally understood to be an instigator of the crime, or one who promotes or procures it to be committed. Blackstone says that presence, actual or constructive, and participation is necessary to constitute a person an abettor. 4 Blackstone, Commentaries, 33. In Connaughty v. State of Wisconsin, 1 Wis. 159, 60 Am. Dec. 370, it was held that "bare presence" at the commission of an offense will not constitute a party a principal unless he aids, incites, assists, or abets in the commission of the offense. It must be proven, in addition to his presence, either actually or constructively, that he aided and abetted the transaction, and encouraged the felon in the act of murder, or had some participation therein. In State of North Carolina v. Hildreth, 31 N. C. 440, 51 Am. Dec. 369, it was held that, to make one guilty of aiding and abetting in the commission of a crime, he must be present, and do or say something showing his consent to the felon's purpose and contributing to its execution. The case is annotated at page 373 of the report in American Decisions, and the doctrine announced appears to be in accordance with the overwhelming weight of authority. 16 C. J., sec. 118, p. 130. It is likewise the law of Kentucky. In order that a person may be convicted as aider and abettor of a felony, he must have rendered assistance or encouragement with knowledge of the felonious intention of his accomplices, and with such knowledge aided and abetted them in the commission of the crime of which they are accused. Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Anderson v. Commonwealth, 193 Ky. 663, 237 S. W. 45; Plummer v. Commonwealth, 1 Bush, 76.

Neither can an accused person be convicted of an independent crime committed by a confederate unless its commission necessarily took place in execution of the common design either to promote its execution or prevent discovery, or to facilitate escape. Powers v. Commonwealth, 197 Ky. 154, 246 S. W. 436.

To constitute an aider or abettor, it is not necessary that there should be a prearrangement or mutual under-

standing or concert of action in the commission of the crime, but, in the absence of these factors, or some of them, it is essential that the one so charged should in some way, by overt act or oral expression, encourage the principal in his unlawful acts. Stacy v. Com., 221 Ky. 258, 298 S. W. 696; Bradley v. Commonwealth, 201 Ky. 413, 257 S. W. 11; Cf. Smiddy v. Commonwealth, 210 Ky. 359, 275 S. W. 872.

We have been unable to put our finger on a single fact in this record which would, consistently with the principles we have stated, justify the submission of this case to the jury. It may be that the commonwealth can, on another trial, produce such evidence, but the facts that appear in the present record do not tend to show that Combs aided or abetted Newberry in any felonious act. The testimony is that the two Bailey boys and the two Banks boys engaged in a fisticuff with Newberry and Combs, during the progress of which one of the Banks boys presented a pistol upon Newberry. At that juncture Asher appeared and compelled Banks to drop the pistol, which was then picked up by Newberry, who used it immediately to shoot Banks in the back of the head as he disappeared from the scene. We cannot spell out of this situation and its attendant circumstances sufficient evidence to sustain the conviction of John Combs for the crime of willful murder, or for aiding and abetting in that offense. Especially is this true when it is remembered that Combs knew that Newberry was unarmed, that they were both strangers to their four adversaries, and that nothing in the circumstances appeared to foretell an impending tragedy. All of the participants were young men under or barely 21 years of age, and it was natural for them to assume that it was nothing more than a fist fight which they could not reasonably anticipate would culminate in death for one of the combatants and life imprisonment for another. It shows on what slender threads hang consequences of immeasurable importance, but that such things do sometimes happen is not enough to charge a person with results so extraordinary and unusual as not to be reasonably foreseen.

If the evidence on another trial should fail to supply the deficiencies in the evidence which we have delineated, the defendant will be entitled to a directed verdict in his favor.

Judgment reversed for further proceedings in accordance with this opinion.

Whole court sitting.