## English v. Commonwealth.

(Decided October 13, 1931.)

C. A. McMILLAN for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Ross Morris, as principal, and Robert English, as aider and abettor, were jointly indicted for the murder of Ed McClure. A joint trial resulted in the conviction of both defendants, Morris being given a life sentence, and English a term of 21 years in the penitentiary. English alone appeals, insisting that there was no evidence tending to establish his guilt of the crime charged.

It is not essential to the crime of aiding and abetting in the commission of murder that there should be a prearrangement, planning, or concert of action in accomplishing the actual offense, but, in the absence of circumstances of that character, it is essential to show that the accused in some manner, by overt act or oral announcement, encouraged, assisted, or instigated the principal in his unlawful acts. Bradley v. Com., 201 Ky. 413, 257 S. W. 11; Combs v. Com., 224 Ky. 653, 6 S. W. (2d) 1082.

It appears that Ed McClure and his twin brother, Bert McClure, together with a stranger whom they had picked up on the road, were driving toward Paris in an automobile. Motor trouble developed, and Robert English was asked to assist them. He made an effort to correct the motor trouble, and with some measure of success, since the car was then driven to Paris. A recurrence of the trouble caused the car to be parked on the margin of the street on the outskirts of Paris. Ed McClure remained in the car, but Bert McClure and the stranger returned to the central part of the city of Paris to negotiate a sale of the car. They saw Robert English again, and mentioned to him the desire to sell the car. There is some slight conflict in the evidence respecting the details of the negotiations, but the result was that Robert English requested Ross Morris to go with him to bring in the car he proposed purchasing. English said that McClure was to let him have the car at a stated price, if his brother consented. Morris procured an automobile and, together with English, Bert McClure, and the stranger, drove to the place where Ed McClure was sitting or sleeping in the parked car.

According to the evidence for the commonwealth, Morris aroused Ed McClure, and, when he got out of the car, immediately shot him with a pistol, inflicting a fatal injury. There is not a scintilla of evidence of any prearrangement or planning for trouble. It does not

appear that Robert English knew that Morris was armed, or that there was any reason to anticipate a difficulty. He did not utter a word at the time of the difficulty, was not near Morris, rendered no sort of aid, and immediately left the scene of the shooting. Morris got in the car he had brought there and drove away rapidly. Although English was present at the time of the difficulty, there is nothing else shown to supply the essential ingredients of the crime of aiding and abetting in the murder. It would be as reasonable to say that the other men present who did nothing to prevent the commission of the crime were guilty of aiding and abetting therein. The entire transaction originated and ended within a few seconds, and everyone who witnessed it appeared to be shocked and dazed at the suddenness and inexplicable rashness of the act of Morris. It was admitted by English that some time after the difficulty he falsely stated that he did not know who did the shooting, but he explained on the witness stand that he was afraid to name Morris, who had not then surrendered. The mere false statement, however, subsequent to the occurrence, accompanied by no other evidence of participation in the crime, is not sufficient to support the charge against English. Whitt v. Com., 221 Ky. 490, 298 S. W. 1101; Levering v. Com., 132 Ky. 667, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140.

The Attorney General, with entire candor, states that, after carefully reading the record, he found himself unable to point out any facts tending to show the guilt of English. The case, therefore, was submitted without an attempt to sustain the conviction of English.

We have considered the evidence with particular care, and find no fact or circumstance possessing any tendency to establish the guilty participation of English in the crime of Morris. His entire connection with the events of the evening are explained without material conflict, and nothing occurred to fasten upon him responsibility for the crime.

It is apparent from the evidence that Morris suddenly decided to shoot McClure, who was a perfect stranger to him. Morris claims that McClure came towards him with a weapon, and he shot in self-defense. He is not corroborated in the statement that McClure had a weapon, but English testified that McClure approached Morris after being aroused from his slumber.

The weight of the evidence is that Morris committed the crime hastily, wantonly, and without any real cause, but there is nothing to connect English with it. Under such circumstances, a conviction of English is not sustained by the evidence. Gill v. Com., 235 Ky. 351, 31 S. W. (2d) 608.

The judgment is reversed.