## Arvin et al. v. Commonwealth.

(Decided November 17, 1931.)

S. H. RICE for appellants.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

Opinion of the Court by Judge Willis—Reversing.

The body of a woman was found floating in the river about five miles below the town of Irvine. The body later was identified as that of Vina Townsend, who had disappeared about two months before the body was found. A post mortem revealed a fatal wound behind the right ear. There was evidence to the effect that the woman had not been drowned, and that her death resulted from criminal violence.

The grand jury returned a joint indictment against Durb Townsend, Alpha Barrett, and Elizabeth Arvin, charging them with the crime of murder. On their joint trial, all three were convicted, and their punishment fixed at life imprisonment. Durb Townsend did not complain, but Elizabeth Arvin and Alpha Barrett appealed to this court, and were granted a new trial. Arvin et al. v. Com., 239 Ky. 767, 40 S. W. (2d) 332. The reversal was rested upon the admission of incompetent evidence, and the questions whether the evidence was sufficient to take the case to the jury or to sustain a verdict of guilty were reserved. The two women were tried again and convicted, and each condemned to serve 21 years in the penitentiary. They have appealed again, complaining of the admission in evidence of the clothes worn by the dead woman, and that the evidence is insufficient to carry the case to the jury, or to sustain the verdict. Our conclusion upon the second question renders it unnecessary to consider or determine the others.

Durb Townsend was the husband of Vina Townsend, and is the brother of Elizabeth Arvin. Alpha Barrett and Elizabeth Arvin lived with Durb Townsend and his wife. The testimony tends to show that life in that home was stormy, and it was the scene of frequent fights. It is to be observed, however, that there is no testimony of any fighting among the women. The trouble was between Durb Townsend and one or the other of the women. Durb Townsend was a domineering, dangerous, and abusive man. One of the neighbors testified that she heard a fight about one o'clock on the night of January 15, or January 16, which was coincident with the disappearance of Vina Townsend. The witness was sitting up with a sick baby, and heard some one walking on the porch of the Townsend residence. She heard several loud knocks at the door, and heard Durb Townsend say "Open the

door." He thereafter began kicking and beating upon the door, and, when it was opened, she heard Vina Townsend say, "I came as quick as I could," and Durb Townsend struck her. She heard Durb Townsend cursing all the time the hitting was in progress. Vina screamed, "Oh Lordy, don't kill me, I did not do anything," but Durb kept on hitting her. The witness never saw Vina Townsend after that night, although she watched for her. The witness did not see Alpha Barrett or Elizabeth Arvin do anything, but heard Alpha Barrett cry out, "Don't do that, don't do that." She heard another woman's voice, not that of Vina or Alpha, which presumably was that of Elizabeth Arvin, since it was not shown that any one else was present. Both women called out to Durb Townsend not to strike his wife.

Another witness living somewhat farther away testified that she was sitting up with a sick husband and heard a fight, and also heard Vina's voice say, "Oh, Lordy, don't kill me." She also heard another woman scream not to do that, and heard licks, as of one striking another with a chair. After the fight was over, she saw a man and two women leave the house and turn around the corner. They were not carrying anything. She fixed the time of the occurrence as in December, and, if she is correct about the time, it was before the occasion upon which Vina Townsend was killed, as she was seen after that by other witnesses. It is possible, however, that the woman was mistaken as to the date, and what she heard was the same altercation heard by the other witness. She does say that she never saw Mrs. Townsend after that night.

Other witnesses testified that Elizabeth Arvin made false statements to them as to the whereabouts of Vina Townsend after she had disappeared and before her body was found. There is no testimony tending to show that anybody, except Durb, struck Vina Townsend, and certainly the evidence does not show any encouragement, aiding, or abetting on the part of the others present. The testimony manifests a positive effort by the women to dissuade Durb from making the assault. The false statements made subsequently to the finding of the body, standing alone, are not sufficient to sustain the conviction. English v. Com., 240 Ky. 446, 42 S. W. (2d) 706, decided October 13, 1931. Levering v. Com., 132 Ky. 667, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann Cas. 140.

The evidence is mostly circumstantial, and the rule is that a conviction upon circumstantial evidence cannot be sustained, unless the circumstances shown are of such incriminating character as to exclude every reasonable hypothesis of the innocence of the defendants. Moore v. Com., 223 Ky. 128, 3 S. W. (2d) 190. Assuredly there was no evidence of any blows upon the body of Vina Townsend except the one behind her ear, and that clearly appears from positive testimony to have been inflicted by Durb Townsend. Hence, there is no evidence of participation by the appellants in the assault upon Vina Townsend. It is essential to a conviction for the crime of aiding and abetting in the commission of a murder that there should be a prearrangement, planning, or concert of action, or some overt act, or oral expression of encouragement, co-operating with the principal to bring about the accomplishment of the crime. English v. Com., 240 Ky. 446, 42 S. W. (2d) 706, decided October 31, 1931. The evidence in this case shows that both the women protested against the assault, and sought to discourage the assailant. It is reasonable to explain the false statements made by Elizabeth Arvin upon the ground that she was afraid of her brother, who was of a character calculated to inspire fear in such a situation. Levering v. Com., 132 Ky. 667, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140.

The evidence tends very strongly to show that Durb Townsend became enraged when the door was not opened at his first knock. He kicked it open, and assaulted his wife. The other women did not offer encouragement, or share in the criminal purpose, or participate in the execution of the assault. They actually protested against it. The fact that they subsequently made false statements as to the whereabouts of the missing woman did not tend to show guilty participation in the crime when such conduct was explained by a natural fear of a criminal. It follows that the evidence fails to exclude every reasonable hypothesis of the innocence of the accused women of the crime charged against them, and they were entitled to an acquittal as a matter of law.

The judgment is reversed for proceedings not inconsistent with this opinion.