## Lester et al. v. Commonwealth.

Nov. 8, 1940.

Watt M. Prichard, Judge.

Davis M. Howerton, A. N. Cisco and W. H. Flanery for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellants, Florence Lester and her husband, Charles Lester, were charged with the crime of conspiring with each other in violation of Section 1241a-1 of the Kentucky Statutes to procure certain witnesses to commit perjury in an action pending in the Boyd Circuit Court in which Florence Lester was plaintiff and W. E. Vanhorn was defendant. They were found guilty and their punishment fixed at two years in the pentitentiary and this appeal follows.

The daughter of appellants was the wife of W. E. Vanhorn's son, and sometime prior to the returning of the indictment a divorce was awarded Mrs. Vanhorn, and she was given custody of a young child and was awarded judgment against young Vanhorn for a certain monthly allowance for the support of this child. This situation resulted in bad feeling between Vanhorn, Sr., and the appellants, eventually culminating in the filing of a civil action by Mrs. Lester against Vanhorn, Sr., in which she charged that he had made certain slanderous statements about her to the effect that she was a whore and therefore not fit to rear the child. The civil action was eventually dismissed and this prosecution was instituted against the appellants.

It is contended by appellants on this appeal that while there was possibly enough evidence on the trial to show that Charles Lester made attempts to procure witnesses to testify falsely there was an utter lack of evidence establishing any conspiracy between him and his wife to procure such false testimony and that therefore both were entitled to a directed verdict. We are of the

opinion that these contentions must be sustained since the indictment charged a conspiracy between the appellants only and if one of them was not guilty it necessarily follows that the other cannot be.

Only four witnesses testified to any material facts as to efforts on the part of Charles Lester to induce them to testify falsely, these witnesses being Dick Hall, Leo Kirk, Cleo Rigsby and Tob McKnight, each of whom signed written statements at the request of Lester which were later repudiated and each of whom claimed that Lester induced him to sign by misrepresenting the contents of the statements. We will consider the testimony of these witnesses in order.

Dick Hall testified that Lester attempted to get him to testify falsely that Vanhorn had made slanderous statements concerning Mrs. Lester and offered him money to do so but does not connect Mrs. Lester with this offer in any manner. On the contrary, he says she was not present. Later it appears that the Lesters probably received information that it had been reported that they had offered certain witnesses money to testify on the trial whereupon they visited this witness and procured him to sign a statement that neither Charles Lester nor anyone else had offered to pay him money to swear falsely in the civil action. The witness says Mrs. Lester was with her husband when this statement was taken but doesn't know whether Mrs. Lester heard the conversation between him and Lester, although Lester had her to write the statement out after the conversation. It is at once apparent that although Mrs. Lester did write the statement, and although it was false, this circumstance has no bearing on showing that she had anything to do with attempting to procure the witness to testify falsely in the civil action. The purpose of this statement was merely to show that Dick Hall had not been offered anything to testify as a witness. This writing had no bearing on the charge in the indictment that she and her husband had framed up testimony on the civil action but only upon the after arising proposition as to whether or not they had bribed a witness to give testimony. Nothing in the testimony of this witness has any tendency to establish the charge against appellants.

Leo Kirk testified that Lester presented a writing to him to sign and that he did so but that he did not

know the contents of it. This statement certified that the witness had heard Vanhorn say that Mrs. Lester was a whore and that he was going to take the baby away from her. It nowhere appears in his testimony that he ever had any talk with Mrs. Lester about the case. On the contrary he says that he talked with Lester out of the presence of Mrs. Lester and that after the conversation Lester had his wife to write the statement in her handwriting.

Cleo Rigsby stated that Lester offered him $50 if he would swear he heard Vanhorn call Mrs. Lester a whore but does not state that Mrs. Lester was present during this conversation or at any other conversation he had with Lester about the case. This witness signed a statement to the effect that no one ever asked him to swear falsely for Mrs. Lester in the civil action and this statement is in Mrs. Lester's handwriting. The same considerations are applicable to this statement as to the one made by Dick Hall—it has no tendency to show that Mrs. Lester had any connection with the attempt to get him to swear falsely in the civil action. Apparently it is for the mere purpose of providing a defense for Mrs. Lester if she was indicted for subornation of perjury.

Tom McKnight testified that Lester offered him a gallon of whisky to testify in the civil action that he had heard Vanhorn make the statements concerning Mrs. Lester but he also testified that Mrs. Lester was not present at this conversation . This witness signed a statement that he heard Vanhorn say that Mrs. Lester was a whore and was going to take the baby away from her, and this statement is in the handwriting of Mrs. Lester, but, according to the witness, Lester procured Mrs. Lester to draft the statement after the conversation and then had the witness to sign it. He testified that he did not know what was in the statement at the time he signed it.

From this statement of the evidence it is apparent that the only circumstances having any tendency whatever to connect Mrs. Lester with the attempted subornation of perjury is the fact that the statements referred to, signed by Tom McKnight and Leo Kirk, are in her handwriting and, indeed, about the only argument made in the brief for the Commonwealth is that the fact that

the four statements mentioned above are in her handwriting is sufficient to establish her guilt. However, as we have pointed out, two of the statements signed by her have no bearing whatever on subornation of perjury in the civil action so that the case resolves itself into the proposition whether or not the mere fact that the statements of Tom McKnight and Leo Kirk were written by her is sufficient to establish her guilt and we are clearly of the opinion that it is not. It is true that a conviction may be had upon circumstantial evidence and especially is this true as to charges of conspiracy where direct proof is seldom available but the circumstances relied on to establish a conviction must be so unequivocal and incriminating in their nature as to exclude every reasonable hypothesis of the innocence of the accused. And a conviction may not be established by suspicion and evidence of relationship among the accused or their association at a time when a crime was committed by one of them. Further, mere acknowledgment, acquiescence or approval of the criminal act, without cooperation or agreement to cooperate in its commission, is not sufficient to constitute one a party to the conspiracy to commit the crime. Baird v. Commonwealth, 241 Ky. 795, 45 S. W. (2d) 466.

Mere association by Mrs. Lester with her husband and the fact that she accompanied him when he conversed with witnesses out of her hearing is not sufficient to establish that she had conspired with him to procure false testimony; nor is the fact that after the husband's conversations with the witnesses on two occasions she prepared the statements in her handwriting sufficient, for she had a right to presume that her husband was preparing truthful statements in accordance with his conversations with the witnesses. We have carefully examined all the testimony in the case and it is our conclusion that it was not sufficient to establish any guilty knowledge or connection on the part of Mrs. Lester with any attempt on her husband's part to procure false testimony, if he did so. For this reason the evidence is also insufficient to establish that Lester was guilty of the conspiracy charged in the indictment.

Judgment reversed with directions to grant the appellants a new trial and for further proceedings consistent herewith.