## Carpenter et al. v. Commonwealth.

**Dec. 3, 1940.**

Chester A. Bach, Judge.

Ollie James Cockrell for appellants.

630

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

While driving along a highway in Breathitt County in the afternoon of December 27, 1939, R. J. Whitaker, a traveling salesman of Lexington, encountered four men lined up across the road. The road was covered with ice and he was driving slowly. He blew his horn but the men did not get out of his way until he reached them, when they divided, two on each side of the road. As he passed them a shot was fired into the side of his automobile and as he continued on other shots were fired into it. One bullet coming through the rear glass struck the frame of the driving mirror and split. A part of the bullet glanced off and struck Whitaker in the neck and inflicted a slight wound. He drove to Jackson and returned with an officer to the scene and found four shells of .44 caliber. There were two bullets of that size in the automobile. A mile and a half or so down the road the officer arrested Amp Carpenter, Eli Carpenter, Arnold Turner and Leonard Jacob. They were subsequently indicted upon the charge of malicious shooting and wounding with intent to kill Whitaker.

Amp Carpenter pleaded guilty to the charge. On the joint trial of the other three men Whitaker testified as above outlined. He could not say which one or how many of the four men had fired at his car, but these four were those who had undertaken to block his way. Each of the three defendants testified that he did not have a pistol on that occasion and did not fire into the car or do anything else. They did not know that Amp Carpenter had a pistol with him and were surprised when he pulled it and fired four times at Whitaker's automobile. They admitted having undertaken to flag down Whitaker's car, as they had done others, trying to get a ride to Jackson. Amp Carpenter was drunk. They denied having been lined up across the road and say that two of them were walking in the center and two at the side. There was no understanding or agreement among them to fire at Whitaker or anybody else. Amp Carpenter testified that he was so drunk on this occasion that he did not remember what he had done; but when he sobered up he found he had a .44 pistol with him.

The three defendants who were tried were convicted

and their punishment fixed at three years' confinement in the State Reformatory. They appeal upon the sole ground that they were entitled to a directed verdict.

We think they were. Here were four men merely walking along the road. The appearance of Whitaker's automobile and what immediately happened were unexpected things and the shooting into it or at the driver was certainly not the object of any conspiracy. Nor was there evidence of any conspiracy to commit any other offense. This was recognized both in the indictment and the instructions. The case is distinguishable from those cited by the commonwealth to sustain the judgment. In each of them there was a common design to commit some felony and while doing so, or in order to facilitate an escape, one of the party actually committed an independent felony for which the others were being tried; e. g., for killing someone while robbing a bank or escaping afterward. In such a case the theory upon which guilt of murder by one who did not actually shoot is based does not apply to situations like that presented here. The commonwealth's evidence tended to show no more than that the four men lined up across the road, and without any demonstration, refused to get out of the way until the automobile got to them. There can be no doubt that the four shots were from one pistol and that only one man did the shooting. There may be circumstances, as stated in Combs v. Commonwealth, 224 Ky. 653, 6 S. W. (2d) 1082, under which mere participation in an affray knowing that an associate or ally is armed and likely to shoot someone will furnish sufficient evidence to submit the question to the jury of the defendant having aided, encouraged and abetted the one who actually did the shooting. The appellants were present and near enough to have aided, encouraged or abetted Amp Carpenter, but there is not a scintilla of evidence that any of them, directly or indirectly, instigated, procured, promoted or encouraged his act. The subject of aiding and abetting is fully treated in the Combs case, and it is sufficient authority for the conclusion that the judgment should be reversed.

Judgment reversed.