# Simpson v. Commonwealth.

March 23, 1943.

A. B. Thomason, Milton Quinton, Jr., David Weil and George N. Woolcott for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

As stated in Gray v. Commonwealth, 293 Ky. 833, S. W. (2d) —, the appellant, Archie Simpson, and William Gray, following an afternoon of drinking, waited or pursued Byrd Taulbee for the purpose of robbing him. Earlier that day Simpson had stolen a box containing about one hundred pennies from Taulbee's store while he and Gray were in there together. Under an overhead railroad, Simpson grabbed Taulbee, and, while he was wrestling with him on the ground, Gray struck him with a paving brick and fractured his skull. He died that night. Simpson's version is that

there was no agreement between Gray and himself to rob Taulbee; that Gray had followed him around during the late afternoon; that it was an individual purpose on his part to rob Taulbee; and that he had gone to the place alone. He tackled Taulbee and threw him to the ground and while he was going through his pockets Gray unexpectedly appeared and struck him. Simpson was found guilty of aiding and abetting Gray and sentenced to death. Gray received the same sentence.

The appellant says that he was not guilty of aiding and abetting Gray in the commission of the murder because there was no concert of action nor any intent on his part to commit that crime, and it was committed as an individual act of Gray. Reliance is had upon the law that the mere presence of one at the scene is not sufficient proof of guilt of the crime committed by another, for it is necessary that the accused render aid or encouragement to the actual perpetrator thereof. If that law should be accepted as applicable to the situation and circumstances as disclosed by the evidence of the defendant, it certainly cannot be applied to the evidence of the Commonwealth for that clearly established a conspiracy and intent to commit robbery. The intent to perpetrate a diffent felony, during the commission of which a person is killed, supplies the elements of malice and intent to murder although the death is actually against the original intention of the party. Responsibility for the consequence rests on the initial or contemplated unlawful purpose. And it is familiar law that where two or more parties conspire or combine to commit any unlawful act, each is criminally responsible for what his associate does in furtherance or prosecution of the common design for which they had combined. If a homicide results in pursuance of the common purpose of the agreement all parties participating are responsible in the same degree even though such killing was not a part of the pre-arranged planning. Commonwealth v. Gabbard, 200 Ky. 642, 255 S. W. 73; Holmes v. Commonwealth, 241 Ky. 573, 44 S. W. (2d) 592; Tincher v. Commonwealth, 253 Ky. 623, 69 S. W. (2d) 750. If what the accused did is sufficient to constitute him an aider and abettor, as being actually present and participating. in the commission of the different felony, it is not essential that there should have been a pre-ar-

rangement, planning or concert of action. English v. Commonwealth, 240 Ky. 446, 42 S. W. (2d) 706.

It is submitted that it was error to permit the reading of a signed confession made by the appellant shortly after his arrest because it was obtained in violation of the anti-sweating act. In accordance with the procedure prescribed by the Act of 1942, c. 141, Section 2, now KRS 422.110, the court heard evidence without the hearing of the jury as to the circumstances under which the confession was made, and ruled it to be voluntary and admissible. We have carefully considered that evidence and have had no difficulty in concurring in the conclusion of the trial court.

We have searched the record carefully and find no error in it.

The judgment is affirmed.