## Overstreet et al. v. Commonwealth.

October 12, 1948.

Montgomery & Montgomery for appellants.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellants were sentenced to one year each in the State Reformatory upon conviction of confederating and banding together for the purpose of intimidating, alarming, disturbing, and injuring J. A. Garrett.

Garrett was operating a planing mill near Rheber, in Casey County, on the morning of December 9, 1946. Ed Overstreet was present and working at the mill. Clay Overstreet, under the influence of liquor, approached Garrett and accused him of "doing" Cecil Overstreet, Clay's brother, a "dirty deal." Garrett told him to leave, but Clay advanced upon Garrett; a scuffle ensued, in which Garrett threw Clay to the ground and choked him unto unconsciousness. In a few minutes Cecil Overstreet came to the mill and Garrett released Clay with the understanding that Cecil would take him away. After starting away Clay turned around as if to come back, and Garrett told him to go on, which he did. Garrett found a pint of liquor lying on the ground and put it in his truck. He then noticed Cecil Overstreet coming toward him cursing. Clay then reappeared, and both of the Overstreets walked toward Garrett, who secured a large wrench, and told them to leave him alone or he would hit them. They then turned and disappeared. Clay then reappeared but turned back toward a store which was three or four hundred yards away, and in a few minutes Clay and Cecil returned. In the meantime Ed Overstreet had called officers of the law. Clay commenced cursing Garrett again and accused him of raising hogs to prevent his induction into the Army. When Garrett denied this Cecil said "you know you are a god damned liar and don't say you aren't." Two officers then arrived on the scene and placed the Overstreet brothers under arrest. The facts stated are those related by the prosecuting witness.

In Lester et al. v. Commonwealth, 284 Ky. 352, 144 S. W. 2d 808, it was pointed out that a conviction for a conspiracy may be had on circumstantial evidence, but, the circumstances relied on must be so unequivocal and incriminating as to exclude every reasonable hypothesis of the innocence of the accused, and where the evidence establishes mere suspicion, or relationship among the

accused, or their association at a time a crime was committed by one of them, a conviction cannot be upheld. When Cecil and Clay were engaged in arguing with Garrett they were in the road thirty feet from Garrett and separated from him by a barbed wire fence. After Cecil arrived on the scene the controversy had resolved itself into a mere "cussing match." Clay was drunk and mouthing, and Cecil's small participation in the fracas was so inconsequential as to add nothing of a sinister nature to the argument between his brother and Garrett. No evidence was introduced from which an inference can be drawn that the brothers connived or conspired to commit any unlawful act in unison. Therefore, we are of the opinion that the evidence was insufficient to submit the case to the jury.

Having arrived at that conclusion we specifically reserve a decision in respect to other questions raised by appellant. The judgment is reversed with directions that it be set aside and that appellants be granted a new trial and if the evidence be substantially the same on the next trial, the Court will direct the jury to return a verdict of not guilty.

Judgment reversed.