Anna DALZELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1958.

As Modified on Denial of Rehearing
May 9, 1958.

Miller & Griffin, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Anna Dalzell was convicted of wilfully and feloniously aiding, abetting or assisting another in the crime of abortion. She was fined one thousand dollars and sentenced to one year in prison. She appeals, claiming (1) that the court erred in not directing a verdict for her and (2) that the instructions were "so confusing as to make it impossible for the jury to render a correct verdict." We shall discuss the questions in the order stated.

The testimony introduced on behalf of the Commonwealth was briefly as follows: The prosecutrix became pregnant in Ohio and came with friends to a house at 151 North Mill Street in the City of Lexington, Kentucky. The defendant did at that time, and for twenty years previously, operate a rooming house at that address. The prosecutrix entered the building with her friend and went to one of defendant's upstairs apartments were she was directed by a man (not a physician) to go into a bedroom. She did as directed and there found a woman who, according to the prosecutrix, said nothing and did nothing except to sit in a chair. The man who had given the direction came into the bedroom and performed an operation on the prosecutrix that brought about a miscarriage. The woman in the chair sat through the operation, doing nothing and saying nothing. The defendant was later identified as the

woman in the chair by the prosecutrix and also by the friend who went to the apartment with her. A catheter was used in the operation and a box of catheters was found at defendant's house after her arrest. The man performing the operation directed that prosecutrix lay one hundred dollars on a table. This she did in defendant's presence and departed with her friends. She miscarried in a Cincinnati hospital and told her story to her physician. This led to a police investigation which eventually uncovered the parties accused.

The defendant testified that she was not in Lexington during the week in which the operation was performed. Three other persons, including the man identified as the one performing the operation, corroborated the defendant. Defendant testified that the catheters found at her house were left there by an elderly gentleman roomer who had a bladder ailment and who had died since leaving her house. However, a policeman swore that defendant told him that her doctor had used them in treating her own illness and had left them there.

It was strictly for the jury to determine whether or not the man had performed the operation and it was likewise for the jury to determine whether the defendant sat in the chair during the operation or whether she was out of town.

The jury found that she was the woman who sat in the chair while the operation was being performed by the man. The evidence was unquestionably sufficient for that finding.

■■ The jury, however, found further that she had so participated in the commission of the crime as to be guilty of aiding, abetting or assisting as charged in the indictment. Was such a finding supported by the evidence? To constitute one guilty of aiding and abetting in the commission of a crime it is essential that evidence be introduced to show a plan or concert of action in its commission, or to show that the accused by overt act or pronouncement, has encouraged, assisted, or procured the principal to commit the unlawful act. One's mere presence at the scene of the murder is not sufficient proof of an unlawful act to submit that issue to a jury. English v. Commonwealth, 240 Ky. 446, 42 S.W.2d 706; Stacy v. Commonwealth, 221 Ky. 258, 298 S.W. 696; Combs v. Commonwealth, 224 Ky. 653, 6 S.W.2d 1082; Gambrell v. Commonwealth, 282 Ky. 620, 139 S.W.2d 454.

There is proof to the effect that she ran the rooming house in which the operation was performed and that catheters suitable for the use of such operations were found there. We find her contradicted as to how those catheters happened to be there. Though saying not a word and doing not a thing we have proof that she knowingly sat through and watched to completion a felonious operation. With that evidence was she entitled to a directed verdict?

It is our opinion that reasonable men may have well concluded from her presence in one of her apartments that she provided the place for the illegal operation, a quite necessary contribution to this nefarious enterprise. It was likewise reasonable for them to determine that she was there for the purpose of providing assurance and confidence for the patients, another important contribution to such business. We too think that reasonable men may have quite logically concluded that the operator would not knowingly and willingly let the defendant see him commit a felony unless she too was a part of the felonious scheme. The jury from the evidence could reasonably conclude that the defendant was not merely present but was, by the contributions heretofore mentioned, continuously lending aid throughout the operation. A reasonable query is this little couplet:

What a strange place just to sit in a chair,

If she didn't aid them, why was she there?

It is our opinion that the court properly submitted the case to the jury.

 The instruction about which appellant complains was misprinted in the record. On our own motion we ordered the Clerk of the Fayette Circuit Court to file a certified copy of the instruction as it was given to the jury. It reads as follows:

"Instruction No. 1

"If the jury believe from the evidence in this case, to the exclusion of every reasonable doubt, that Maurice Vice in Fayette County, Kentucky, and before the finding of the indictment herein, wilfully and feloniously did use a certain instrument or instruments upon Gladys Blevins, a woman at the time pregnant with child, with intent to procure the miscarriage of said Gladys Blevins, and did at a time he had reasons to believe the said Gladys Blevins to be pregnant, administer to said Gladys Blevins some sort of instrument or instruments by then and there inserting said instrument or instruments into and against the vagina, uterus and private parts of said Gladys Blevins, and that such miscarriage, if any, and the use of said instrument or instruments, if any were used, were not necessary to preserve the life of said Gladys Blevins, and if you further believe from the evidence in this case, to the exclusion of every reasonable doubt, that at the time he did so, if he did so, the defendant, Anna Dalzell, was then and there present, wilfully and feloniously aiding, abetting or assisting the said Maurice Vice to use a certain instrument or instruments upon Gladys Blevins, a woman at the time pregnant with child, with intent to procure the miscarriage of said Gladys Blevins and at a time he had reasons to believe the said Gladys Blevins to be pregnant, administer to said Gladys Blevins some sort of instrument or instruments by then and there inserting said instrument or instruments into and against the vagina, uterus and private parts of said Gladys Blevins, and that such miscarriage, if any, and the use of said instrument or instruments, if any were used, were not necessary to preserve the life of Gladys Blevins, then you will find the defendant, Anna Dalzell, guilty as charged in the indictment, and fix her punishment at a fine of not less than $500.00 nor more than $1,000.00 and by confinement in the penitentiary for a period of not less than one nor more than ten years, in your discretion."

It is readily seen that there is nothing in the instruction to confuse and mislead men of reasonable intelligence. The true record nullified the claim of error.

We find no prejudicial error and the judgment is therefore affirmed.