**Kearny BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 11, 1960.

Jesse S. Hogg, Winchester, for appellant.

John B. Breckinridge, Atty. Gen., Seth T. Boaz, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Kearny Brown was convicted of the offense of conspiracy to commit robbery and was sentenced to serve two years in the State Reformatory. He has prosecuted an appeal, urging several grounds for reversal, one of which is that the court erred in overruling his motion for a directed verdict of acquittal. Hence, we examine the evidence to ascertain whether it was sufficient to justify a submission of the case to the jury.

The Commonwealth relies primarily upon the testimony of Creed Whisman to sustain the conviction. Whisman testified that while he was en route to Breathitt County on April 18, 1958, he stopped his automobile at the roadside and went behind a billboard to urinate. He stated that when he started back toward his car he was confronted by Everett Ledford, Jr., who represented himself to be a constable; that Ledford attempted to place him under arrest for "public indecency," and also tried to dupe him into paying a fine of $25. Whisman stated that Ledford refused to accept his offer of $10 to settle the matter; that Ledford struck him, and after a struggle he was able to subdue Ledford, but his two billfolds, which contained over $200, were missing. In describing the occurrence, Whisman stated that appellant was present when the assault took place; that he was afraid of appellant, and that "they drug me up the hill and we fought there." However, upon cross-examination, Whisman admitted that appellant did not harm him in any way, or take anything from him, or say anything during the time he was present.

The officers who investigated the matter testified that Whisman told them appellant neither participated in the fight nor made any attempt to take or extort anything from him.

While it is the general rule that a conviction for a criminal conspiracy may be had upon circumstantial evidence, it is essential that the circumstances relied on for the conviction be so unequivocal and incriminating as to exclude every reasonable hypothesis of the innocence of the accused. Overstreet v. Commonwealth, 308 Ky. 257, 214 S.W.2d 270; Lester v. Commonwealth, 284 Ky. 352, 144 S.W.2d 808; Arvin v. Commonwealth, 241 Ky. 127, 43 S.W.2d 516; Tarkaney v. Commonwealth, 240 Ky. 790, 43 S.W.2d 34; Moore v. Commonwealth, 223 Ky. 128, 3 S.W.2d 190. It has also been consistently held in this jurisdiction that a criminal conspiracy cannot be established on evidence amounting only to a surmise, or arousing only a suspicion of its existence. Guinn v. Commonwealth, Ky., 331 S.W.2d 886; Gammons v. Commonwealth, Ky., 305 S.W.2d 932; Baird v. Commonwealth, 241 Ky. 795, 45 S.W.2d 466.

Applying these rules to the proof in the instant case, and drawing from the testimony every incriminating inference that a reasonable interpretation will permit, we are unable to arrive at the conclusion that there was sufficient evidence of a criminal conspiracy to submit the question of appellant's guilt to the jury. Under this view of the case, it is our duty to hold that the trial court erred in failing to sustain appellant's motion for a directed verdict of acquittal.

Wherefore, the judgment is reversed, with directions to grant appellant a new trial. In the event of a retrial, the circuit court will direct an acquittal if the evidence is substantially the same as appears in this record.