James **WILLOUGHBY** and Larry Stamper, Appellants,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 17, 1974.

Michael A. Rowady, Henry L. Rosenthal, Jr., Rowady & Rosenthal, Winchester, for appellant James Willoughby.

John S. Turner, Winchester, for appellant Larry Stamper.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant James Willoughby was found guilty of voluntary manslaughter and appellant Larry Stamper of aiding and abetting voluntary manslaughter. Willoughby and Stamper argue on this appeal that they were entitled to a directed verdict of dismissal because there was insufficient evidence to sustain the convictions. These motions were made at the conclusion of the evidence presented by the Commonwealth and again after all evidence was introduced.

On February 9, 1973, Willoughby and Stamper were in a restaurant when Mrs. Richard Skinner entered, and Mr. Skinner followed a few minutes later. Willoughby and Stamper testified that Skinner took off his jacket and placed it across a stool. Willoughby said that Skinner removed a knife from the jacket pocket and placed it in his pants pocket; Stamper said it was a weapon. After words were exchanged about Mrs. Skinner, Skinner put one hand in his pocket and pointed the other hand at Stamper; whereupon, Stamper hit Skinner. There was testimony that Skinner then picked up a stool and threw it at Stamper knocking him down and that Skinner then went to where Stamper was lying and stood over him. Willoughby testified that he (Willoughby) said "Don't cut him"; that Skinner replied "I will cut your * * * guts out"; and that he (Willoughby) then stabbed Skinner. The testimony indicated that Stamper was on the floor when Skinner was stabbed and that Stamper did nothing more than is herein related to encourage Willoughby to assault Skinner.

After the stabbing, appellants left the restaurant and drove away in Stamper's car, not knowing the extent of Skinner's injuries. Stamper testified that while in the car Willoughby asked him if he should throw the knife away and he (Stamper) replied "Yes, throw it away." The next morning, after hearing that Skinner had died from his wounds, Willoughby and Stamper went together to the police and made a statement.

■ Mrs. Skinner testified that Stamper threw two stools at her husband, that the second stool knocked him down, and that Willoughby asked someone for a knife with which he stabbed her husband. Another witness testified that Skinner threw a stool at Stamper; that the next thing he saw was Stamper holding Skinner around the neck; that the two men started falling to the floor; that as they fell Skinner reached into his pocket but that he (the witness) did not see the stabbing. There was sufficient evidence for the jury to conclude that Willoughby was guilty of voluntary manslaughter.

■ Willoughby and Stamper argue that by the use of improper cross-examination the Commonwealth's Attorney prejudiced the jury against them. When improper cross-examination was being conducted, defense counsel objected. The trial court, after sustaining the objections, admonished the jury. The admonitions were sufficient to cover the situations complained of. See Jones v. Commonwealth, Ky., 311 S.W.2d 190 (1958).

■ It is our opinion that Stamper's contention that the trial court erred in failing to direct a verdict in his favor is without merit. In Smiddy v. Commonwealth, 210 Ky. 359, 275 S.W. 872 (1925), this court said:

"* * * To constitute one an aider or abettor in the commission of a crime he must be actually or constructively present when it is committed and participate in its commission by some act, word, deed, or gesture. It is not essen-

tial that there should be a prearranged agreement between him and his codefendants, but it is necessary that one charged with aiding and abetting be guilty either of some overt act or advocacy or encouragement of his principal in some way in the commission of the unlawful act."

Also see Roberts v. Commonwealth, 212 Ky. 791, 280 S.W. 111 (1926); Hughes v. Commonwealth, Ky., 249 S.W.2d 786 (1952), and Hensly v. Commonwealth, Ky., 280 S.W.2d 540 (1955). Cf. Combs v. Commonwealth, 224 Ky. 653, 6 S.W.2d 1082 (1928).

The Commonwealth met Stamper's claim that there was insufficient evidence upon which to convict him by referring to Oldfield v. Commonwealth, Ky., 334 S.W.2d 346 (1960); Warfield v. Commonwealth, Ky., 334 S.W.2d 913 (1960), and McQueen v. Commonwealth, Ky., 393 S.W.2d 787 (1965). Those cases involved facts upon which this court applied, without difficulty, the Kentucky definition of an aider and abettor.

The rule expressed by Judge Learned Hand in United States v. Peoni, 100 F.2d 401 (2d Cir. 1938), is helpful in applying the Kentucky rule to the evidence as it relates to Stamper. Judge Hand wrote that in order to aid and abet another in the commission of a crime it is necessary that a person " * * * in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." Also see United States v. Milby, 400 F.2d 702 (6th Cir. 1968). Stamper was associated with Willoughby when the Skinners entered the restaurant and trouble started between the two associates and Mr. Skinner from that moment. With knowledge that Skinner was armed, Stamper started the fight. He should have known that deadly results could follow. They did. Considering the Kentucky rule in the light of the expressions in *Peoni,* we conclude there was substantial evidence on

which the jury could find that Stamper was an aider and abetter.

The judgments are affirmed.

All concur.