CASE 22.—PROSECUTION AGAINST HENRY SERGENT FOR
    MURDER.   March 25, 1909.

# Sergent v. Commonwealth

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

Defendant convicted and appeals—Affirmed.

1.  Homicide—Evidence—Motive.—In a prosecution for murder,
    evidence that deceased became an enemy of the accused be-
    cause accused testified against deceased in a prosecution for
    a misdemeanor, and that accused was much incensed at de-
    ceased because he circulated a charge that he had detected
    accused in the act of committing a crime, is admissible as
    tending to show ill feeling existing between the deceased and
    accused, and as showing a motive for the homicide.
2.  Homicide—Weight and Sufficiency of Evidence—Malice—
    Evidence in a prosecution for murder held to show malice,
    necessary to authorize a verdict of guilty.
3.  Homicide—Excusable  Homicide—Self-Defense—Pursuit   of
    Adversary.  Harsh treatment by deceased of accused, and the
    apprehension by accused of injury or death at the hands
    of deceased, do not justify the accused in lying in wait for
    deceased and assassinating him.
4.  Criminal Law—Appeal and Error—Scope and Extent of Re-
    view—Selection of Jury.  Under Cr. Code Prac. Sec. 281, pro-
    viding that the decision of the court upon challenges to the
    panel and for cause shall not be subject to exception, the
    appellate court cannot review a decision of the trial court in
    selecting a jury in a criminal prosecution from an adjoining
    county.
5.  Criminal Law—Instructions—Assumption  of  Guilt.—An in-
    struction, in a prosecution for murder, that if the jury believed
    from the evidence beyond a reasonable doubt that accused
    was guilty of murder or voluntary manslaughter, but had
    from the evidence a reasonable doubt as to which, if either,
    of these crimes he was guilty of, it was their duty to find
    him guilty of voluntary manslaughter is not objectionable
    as assuming that accused was guilty of murder or voluntary
    manslaughter, or as compelling the jury to find him guilty
    of one or the other.
6.  Judges—Selection of Substitute Judge.—Ky. St. Sec. 968 (Rus-
    sell's St. Sec. 2824), provides that, when the Judge of the
    Circuit Court cannot properly preside in a matter pending

Sergent v. Commonwealth.

in said court, the parties by agreement may elect one of the attorneys of the court to preside on the trial. During the trial of a prosecution for homicide, the regular Judge became ill and unable to preside, and the attorneys for the Commonwealth and accused agreed that a special Judge might be selected to preside during the absence of the regular Judge, pursuant to which a member of the county bar was selected, duly sworn, and acted as Special Judge at the trial for one day, giving place to the regular Judge the following day. Held that there was no error in the selection of the substitute Judge of which accused could complain.

7.  Criminal Law—Appeal and Error—Presentation in Lower Court of Grounds of Review—Exception to Selection of Special Judge.—The appellate court will not consider whether there was error in the selection of a Special Judge in a criminal prosecution, where appellant did not except to the vacation of the bench by the regular Judge, or to the right of the Special Judge to preside in his absence.

W. F. HALL, for appellant.

## AUTHORITIES CITED.

1.  On the point, jury summoned from Bell county not authorized. (Criminal Code, Sec. 194; Roberts v. Commonwealth, 94 Ky. p. 499 [point on p. 504]; Brown v. Commonwealth, 20 Ky. Law Rep., 1552 [point on, 1554]; Brafford v. Commonwealth, 16 S. W., 710;; Sutherland Statutory Construction, Vol. 2, Secs. 627, 629, 630.)

2.  Bill of exceptions conclusively correct. (Commonwealth v. Patterson, 8, S. W., 694; Dodson v. Commonwealth, 25, Ky. Law Rep. 1765; Johnson v. Commonwealth, 9, Bush, 224.)

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

No substantial right of the appellant was prejudiced in any sense whatever in the trial below. No serious error of law was committed. A clear and uncontradicted statement of the facts went to the jury in a competent manner, and they were the proper judges to say whether or not the appellant was guilty of the crime of murder, and if so, fix his penalty.

## AUTHORITIES.

Sec. 194, Criminal Code; Massie v. Commonwealth, 18, R. 367; Mosely v. Commonwealth, 27 R., 214; Brafford v. Commonwealth, 13 R., 154; Smith v. Commonwealth, 108 Ky., 53; Sec 968; Ky Stat.; Vandever v. Vandever, 3 Met., 137; Sec. 340, Criminal Code.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

The appellant, Henry Sergent, was indicted by the grand jury of Harlan county for the murder of Henderson Tweed. The trial resulted in a verdict from the jury finding appellant guilty as charged, and fixing his punishment at confinement in the penitentiary for life. Judgment was entered in conformity to the verdict, and, having been refused a new trial in the court below, he has appealed.

The homicide occurred in Harlan county, at the residence of Mrs. Bettie Clemn, a widow, under the the following circumstances: Tweed, in passing the house of Mrs. Clemn, stopped to reply to an inquiry she made of him about her cows, which had wandered from home. He was riding a mule, had a bucket on his left arm, and carried in a holster suspended by strap from one shoulder, a six-shooter Colt's pistol. While talking with Mrs. Clemn, Tweed remained on his mule. According to her testimony, he had barely answered her inquiry when a gun was fired from some point near by, immediately following which he fell from the mule to the ground. After he fell to the ground, three other shots were fired from the same direction. During the firing of the gun, Mrs. Clemn, who had been standing in front of her house while talking with Tweed, being frightened by the shooting, ran into the house and closed and locked the doors. She did not see the person by whom the shots were fired at Tweed, but after entering the house looked out of a window and saw that Tweed was still on the ground, and apparently dead. After an interval of some minutes Mrs. Clemn recovered her composure sufficiently to send her little daughter to inform some of her neighbors of the homicide. Several of them went at once to her house, and upon

reaching it found Tweed dead, with the bucket still upon his arm and the pistol in the holster attached to his body. An examination was made of the ground surrounding the body of deceased, and at a large rock near Mrs. Clemn's stable, 60 feet from where Tweed was shot, were found four empty cartridge shells. The rock and corner of the fence were together sufficient to afford concealment to a man from Tweed and Mrs. Clemn, at the time of the shooting of the former. The shells were such as were used with a 32 Winchester rifle. As appellant was known to have carried such a rifle, and to have threatened to take the life of the deceased, between whom and himself there had been hostile relations for nearly a year, steps were at once taken to arrest him for the murder, and soon thereafter his arrest was effected.

According to the evidence, deceased became an enemy of appellant because the latter as a witness testified against him in a prosecution for a misdemeanor, and later appellant became very greatly incensed at deceased because he circulated in the community in which both lived a charge that he had detected appellant in the act of committing a nameless crime. The above evidence was introduced for the purpose of proving, and was competent to prove, the ill feeling existing between the parties, and show a motive for the homicide.

When arrested appellant admitted that he shot and killed Tweed, but claimed to have done it in his necessary self-defense. His testimony upon the trial was to the effect that he had for several months gone to his work as a miner by an unusual route in order to avoid a difficulty with deceased, who lived on the usual route; that he accidentally met deceased at the

time of the homicide, who assumed a hostile attitude, cursed appellant, and placed his hand on his pistol, seeing which, and believing himself about to be shot by deceased, he shot him with a Winchester rifle. Appellant admitted that he carried a Winchester rifle for some time previous to the homicide, in anticipation of trouble with deceased, and also admitted that the empty shells found near the place of the killing had been thrown away by him, but denied that he was concealed when he shot deceased. This denial seemed to have no weight with the jury, in view of the testimony of Mrs. Clemn, which clearly showed that deceased, when shot, was not expecting such an attack, and did not see his slayer, and, moreover, that the slayer was not seen by Mrs. Clemn. Her testimony, together with the empty shells and other evidence of appellant's concealment, seem to us sufficient to justify the conclusion, expressed in the verdict of the jury, that deceased was shot from ambush.

However harsh may have been Tweed's mistreatment of appellant, or however great the latter's apprehension of injury or death at his hands, these things did not justify the assassination of Tweed, and the fact that the act was assassination proved the malice necessary to authorize the verdict declaring it murder.

Appellant asks the reversal of the judgment of conviction because he was tried by a jury summoned from Bell county, instead of from Harlan county; his contention being that the circuit court should at least have made an effort to secure a jury from Harlan county before procuring one from another county. We find no just ground for this complaint.

The order of the court requiring the summoning of the jury from Bell county seems to substantially comply with Section 194 of the Criminal Code of Practice, and was authorized by it. The contention here made was passed on by this court in Mosely v. Commonwealth, 84 S. W. 748, 27 Ky. Law. Rep. 214, in the opinion of which it is said: "It is insisted, first, that this section is in violation of that part of Section 11 of the Constitution which guarantees to a defendant a speedy public trial by an impartial jury of the vicinage; and, if this be not sound, it is urged that the judge violated the section of the Code by not in good faith attempting to obtain an impartial jury in the county where the case was tried. Neither of these propositions can be maintained. The validity of Section 194 has been upheld by this court in Brown v. Commonwealth, 49 S. W. 545, 20 Ky. Law Rep. 1552; Massie v. Commonwealth, 36 S. W. 550, 18 Ky. Law Rep. 367; Roberts v. Commonwealth, 94 Ky. 502, 22 S. W. 845."

But, if the action of the court complained of could be pronounced error, we are without power to correct it, because expressly deprived by Section 281, Cr. Code Prac.,of jurisdiction to review the decision of the trial court in the matter of the selection of the jury. Mosely v. Commonwealth, 84 S. W. 748, 27 Ky. Law. Rep. 214; Howard v. Commonwealth, 118 Ky. 1, 80 S. W. 211, 81 S. W. 704, 25 R. 2213.

Appellant also complains that instruction No. 3 does not correctly give the law on the point with respect to which it was intended to advise the jury. This complaint is without merit. While not in the form usually followed, the instruction does not, as claimed, assume that appellant was guilty of murder

or voluntary manslaughter, or that the jury were compelled to so find. Its language in substance and meaning is simply that if the jury believed from the evidence beyond a reasonable doubt that appellant was guilty of murder or voluntary manslaughter, but had from the evidence a reasonable doubt as to which, if either, of these crimes he was guilty of, it was in that event their duty to find him guilty of voluntary manslaughter.

Finally, it is contended that the judgment should be reversed because during one day of the trial a special judge presided, instead of the regular judge of the court. This contention is also unsound. The orders appearing in the record show that at one time during the trial the regular judge of the court was sick and unable to preside, and that appellant's counsel then agreed with the commonwealth's attorney that a special judge might be selected to preside during the absence of the regular judge, pursuant to which agreement appellant, his counsel, and the commonwealth's attorney agreed upon and selected the special judge, who was a member of the Harlan county bar and possessed all the qualifications required of a circuit judge; that the special judge thus selected was duly sworn and did act as special judge by presiding one day of the trial, vacating the bench on the morning of the following day to give place to the regular judge, who had recovered from his illness; and that the latter then resumed his place and continued to preside in the case until its close.

There was no error in this matter. Section 968, Ky. St., (Russell's St. § 2824), provides: "When, from any cause, the judge of the circuit court fails to attend, or being in attendance cannot properly pre-

side in an action, proceeding or prosecution pending in said court, or if either party shall file with the clerk of the court his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the parties, by agreement, may elect one of the attorneys of the court to preside on the trial, or hear the application or hold the court for the occasion; and if any of the parties to said action, proceeding or prosecution be or are nonresident defendants, who have not entered their appearance, nor have been summoned, or are infant defendants, the attorney appointed to defend for such nonresidents, or the guardian ad litem for such infants, may agree with the other parties to such action, proceeding or prosecution, upon a lawyer having all the qualifications of a circuit judge to try the action, proceeding or prosecution.''

It will be observed that this statute gave the parties the right to agree upon and select a special judge, and, having done so, appellant will not be heard to complain of the failure of the regular judge to preside throughout the trial, or allowed to repudiate his own act of taking part in selecting a special judge to take the place of the regular judge during the time he was incapacitated from service by illness. However, the record fails to show that appellant excepted to the vacation of the bench by the regular judge, or to the right of the special judge to preside in his absence. This, in the absence of any other reason would prevent us from considering the complaint.

Our examination of the record convincing us that appellant had a fair trial, the judgment is affirmed.