## Thomas v. Commonwealth.

(Decided October 26, 1923.)

## Appeal from Knott Circuit Court.

1. Criminal Law—Selection of Jury from Adjoining County Not Subject to Review.—Action of the trial court in selecting the jury from an adjoining county is not subject to review by the Court of Appeals under Criminal Code of Practice, section 281.

2. Criminal Law—No Error When Evidence Admitted Without Objection, and Defendant Testified About the Same Matter.—In a homicide case the admission of evidence with reference to how and from whom defendant obtained whiskey on his way to the place of the killing was not error, where defendant did not object when the evidence was introduced, and as a witness for himself testified fully and without substantial variance about the whole matter.

3. Witnesses—Where Defendant Testified Deceased had Arrested Him on False Charges, Testimony on Cross-Examination as to Nature of Accusation Properly Admitted.—In a homicide prosecution, where defendant testified that he shot deceased, because he arrested him without cause, and that for some time theretofore deceased had manifested ill will toward him by frequently arresting him upon trumped-up and unsubstantial charges, testimony upon cross-examination without objection that deceased accused him of stealing a shotgun, held properly admitted.

4. Homicide—Failure to Admonish as to Purpose of Evidence Not Reversible Unless Prejudicial.—Error of the court in failing to admonish the jury as to the purpose of impeaching evidence is not reversible, where it appears from the whole record that the substantial rights of the accused were not prejudiced thereby, as where accused was convicted of manslaughter, though clearly proven guilty of murder.

5. Criminal Law—Averments in Affidavit Filed in Support of Motion for New Trial Held Not to be Considered.—Averments in an affidavit filed by accused in support of his motion for new trial cannot be considered on appeal in support of a contention that court's remarks and conduct were improper and prejudicial, since they relate to matters alleged to have occurred on the trial, not otherwise apparent from the record.

6. Criminal Law—Matters May Not be Injected into the Record by Affidavit.—Matters occurring upon the trial may not be injected into the record by affidavit, but must be included in the bill of exceptions under Criminal Code of Practice, section 282.

7. Homicide—Absence of Instruction as to Duties of Deceased Officer in Arresting Accused Held Not Prejudicial.—In a prosecution for murder of an officer held that absence of an instruction with reference to the official duties of deceased in arresting him upon a charge of disturbing a lawful assemblage, and keeping him in

custody .thereafter and at the time of the homicide was not preju-
dicial to defendant.

JOHN CAUDILL, JOE HALL and S. J. KILGORE for .appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L.
ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

(On Sunday, October 15, 1922, appellant was arrested
by George Fitzpatrick, a deputy sheriff, for disturbing
religious services being conducted in the open air, near
a country church. A few minutes later he grabbed the offi-
cer's pistol and shot him and his brother, Thomas Fitz-
patrick, who was a deputy constable. The latter died
from his wounds in a few hours, and, accused of murder-
ing him, appellant was convicted of manslaughter and
sentenced to twenty-one years' confinement in the peni-
tentiary.

His first complaint upon this appeal from that judg-
ment is of the action of the trial court in selecting the
jury from an adjoining county, but such action is not sub-
ject to review by this court. Section 281, Criminal Code;
Sergent v. Commonwealth, 133 Ky. 284, 117 S. W. 362;
Logan & Tribble v. Commonwealth, 174 Ky. 80, 191 S. W.
676.

The next insistence is, that the court erred in the ad-
mission of evidence with reference to how and from whom
appellant obtained whiskey on his way to the place of
the killing; but there likewise is no merit in this com-
plaint, since the defendant did not object to any material
part of this evidence when introduced by the Common-
wealth, and, as a witness for himself, testified fully and
without substantial variance about the whole matter.

·Complaint is also made of the admission of evidence
that, prior to the homicide, defendant had been accused
of stealing a shotgun, and arrested several times upon
other charges by decedent and his brother George Fitz-
patrick. It would have been error, of course, to permit
the Commonwealth to introduce this evidence, but this
was not done. The defendant, in an attempt to prove he
killed Thomas Fitzpatrick in self-defense, testified that
he shot him and George after George had arrested him
without cause, and at a time when he was being attacked
and his life endangered by George and Thomas. To

supply a motive for and an explanation of the alleged attack, he testified that for some time theretofore both George and Thomas had manifested ill-will toward him by frequently arresting and mistreating him upon trumped-up and unsubstantial charges.

Upon cross-examination, the attorney for the Commonwealth asked him what George had accused him of upon one such occasion described by him, and in reply he said that he accused him of stealing a shotgun, and that there was no truth in the charge. He answered this question without objection, but later asked the court to exclude from the jury all evidence with reference to the shotgun, which the court declined to do. In other words, the defendant seeks the benefit of his own evidence that he had been arrested upon unfounded charges by decedent and his brother, without being required to state what those charges were. In our opinion, his position is wholly untenable.

It next is insisted that the court erred in failing to admonish the jury that evidence introduced by the Commonwealth in rebuttal was competent only for the purpose of affecting, if it did affect, the credibility of the defendant as a witness.

Most of the evidence introduced by the plaintiff in rebuttal was simply contradictory of the testimony of the defendant and some of his witnesses as to how the killing occurred and about which no admonition was required, since it was not introduced for the purpose of impeaching the character of the defendant or any of his witnesses. The principal evidence introduced, impeaching in character, related to the averments in an affidavit which appellant had filed in support of his motion for a continuance.

But admitting the error of the court in failing to admonish the jury as to the purpose of this evidence, it is not a reversible one under the many decisions of this court, unless it appears from the whole record that the substantial rights of the accused were prejudiced thereby. Ochsner v. Commonwealth, 128 Ky. 761, 109 S. W. 326; Johnston v. Commonwealth, 170 Ky. 766, 186 S. W. 655; Hayes v. Commonwealth, 171 Ky. 291, 189 S. W. 415.

In this case, appellant was convicted of manslaughter only, upon evidence which, in our judgment, overwhelmingly proved him guilty of willful murder. The record, therefore, affords no ground for the belief that appel-

lant's substantial rights were prejudiced in the least by
the failure of the court to limit the effect of impeaching
evidence.

Another ground for reversal is, that the court's re-
marks and conduct, during the trial and in the presence
of the jury, were improper and prejudicial.

The record not only fails to support this charge, but
contains many evidences of an unusual solicitude upon
the part of the court to safeguard defendant's substantial
rights. He frequently excluded from the jury's con-
sideration evidence adduced by the Commonwealth of
doubtful competency, to which defendant offered no ob-
jection, and, in sustaining defendant's objections to evi-
dence introduced by the Commonwealth, as well as in
overruling objections offered by the Commonwealth to
evidence introduced by the defendant, the ruling was in
the defendant's favor in practically every instance where
there was room for doubt.

Averments in an affidavit filed by appellant in sup-
port of his motion for a new trial are relied upon to sup-
port this and several other ground therein asserted, but
they cannot be considered since they relate to matters
alleged to have occurred on the trial, not otherwise ap-
parent from the record. Not having been included in the
bill of exceptions, such matters may not be injected into
the record by affidavit. Bannon v. Louisville Trust Co.,
150 Ky. 405, 150 S. W. 510; Miller's Appellate Practice,
section 51; Criminal Code, section 282.

The remaining contention is, that the court erred in
failing to instruct the jury upon the whole law of the
case.

The court gave instructions upon murder, manslaugh-
ter, self-defense, and reasonable doubt, and of these there
is no criticism. But it is insisted there should have been
an instruction with reference to the official duties of
George Fitzpatrick in arresting defendant upon the
charge of disturbing a lawful assemblage, and keeping
him in custody thereafter and at the time of the homi-
cide.

Whether the homicide resulted from an effort upon
the part of the defendant to escape, as shown by the evi-
dence for the Commonwealth, or from mistreatment of
the defendant by the officers, as feebly indicated by the
evidence for the defendant, we are unable to see how any
instruction as to the officers' duties could have had any

effect except still further to weaken his plea of self-defense.

There is no suggestion by counsel as to what kind of instruction the court could have given in this respect, and we confess our inability to think of one, the absence of which would have been prejudicial to the defendant.

A careful consideration of the entire record fails to disclose any substantial error prejudicial to the appellant, and the judgment is affirmed.