## Morris v. Commonwealth.

(Decided January 12, 1926.)

### Appeal from Trigg Circuit Court.

1. Intoxicating Liquors—Evidence of Transportation Held Sufficient to Carry Case to Jury.—In prosecution for transporting liquor, evidence tending to establish fact that defendant carried whiskey in his car in sacks and jugs to point of accident, and that wrecking of car broke some of the jugs and caused him to attempt concealment of balance of liquor nearby, where it was later found, was sufficient to carry case to jury.

2. Criminal Law—Overruling of Challenge to Juror for Cause Not Subject to Exception and Not Reviewable.—Under Criminal Code of Practice, section 281, action of trial court in overruling challenge to juror for cause is not subject to exception, however erroneous or prejudicial to defendant, and cannot be reviewed on appeal.

McKENZIE & SMITH for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Complaining of the trial court's failure to sustain his motion for a directed verdict in his favor, and also of its failure to sustain his challenge for cause to a named juror on the panel, appellant, Morris, appeals from a judgment of the Trigg circuit court finding him guilty of transporting intoxicating liquors and fixing his punishment at a fine of $150.00 and by confinement in the county jail for thirty (30) days. The evidence for the Commonwealth was all circumstantial.

On a stormy night in March last, according to the evidence for the Commonwealth, a Studebaker sedan car was wrecked on the public highway in Trigg county; the tracks of the car showed that it ran in a ditch at the side of the road, up a bank against a telephone pole and into a fence. The windshield was broken and the glass was found at the place of the accident. Some other parts of the car were also there but the car itself was removed. Near the fence the weeds were broken down and there were signs of one or more persons having crossed the fence from the car into a field of a farmer, and scattered along up a little ravine were found several burlap sacks, at intervals, in some of which were glass jugs containing moonshine whiskey and in others broken glass, indicating that those bags had also contained glass jugs. Around the jugs containing whiskey were wrapped a certain kind of paper, and in the bags containing the broken glass was paper of like character, indicating that those bags had also contained glass jugs wrapped in paper. The rain on the night before had washed away the whiskey, if whiskey the broken jugs had contained, and had partly if not entirely destroyed the smell or odor of whiskey in the burlap sacks. One witness testified that he had passed the place of the accident on the evening before and that there were no burlap sacks in the field and there was no sign of the wreck of a car. Two or three witnesses testified that appellant, Morris, had called for help on the night of the storm saying that his automobile was wrecked; that they went to the place of the wreck and saw the car turned over in the ditch and that the windshield was broken and that the point where the automobile was wrecked was opposite the place where the sacks containing the jugs of whiskey were later found. The farmer on whose place the sacks were found gave evi-

dence tending to show that the sacks were not there previous to the wreck of the automobile. Several witnesses were also called to prove the general reputation of appellant, Morris, and they stated they were acquainted with it and that it was bad for dealing in intoxicating liquors. He lived in Hopkinsville, and according to the evidence for the Commonwealth, had driven from Hopkinsville to the place of the accident immediately before it happened, some time late at night. When the Commonwealth closed its case appellant made motion for a directed verdict in his favor, which motion was overruled, and it is of this ruling that he now complains.

The circumstances proven by the Commonwealth strongly tend to establish the fact that appellant, Morris, carried whiskey in his car in jugs and burlap sacks to the point of the accident and that the wrecking of the car not only broke his windshield and other parts of his car but also broke some of the glass jugs, spilled their contents and caused him to attempt to conceal the balance of his unlawful cargo in fields near the road where they were later found. The evidence was a network. We are of opinion, therefore, that the evidence was sufficient to carry the case to the jury, and the trial court did not err in overruling appellant's motion for a peremptory instruction. Appellant's only other complaint is of the court's ruling in refusing to excuse a juror for cause. One of the jurors named, Ira Thomas, on his *voir dire,* stated he had heard of the case and had formed an opinion but that he could give both the Commonwealth and appellant a fair and impartial trial. Appellant's challenge was made for cause, but the court overruled this challenge, saying, "I think he is a competent juror." To this ruling appellant excepted. By section 281 of the Criminal Code it is provided:

> "The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment shall not be subject to exception."

In the case of Curtis v. Commonwealth, 110 Ky. 848, we held decisions of the court upon challenges to the panel and for cause as well as to qualifications are not subject to exceptions, and the action of the trial court in respect to such motions, however erroneous or prejudicial to the accused, cannot be reviewed on appeal. There are many recent cases to the same effect. H. H. Harman and Wilson Harman v. Commonwealth, 204 Ky. 186;

Thomas v. Commonwealth, 200 Ky. 591; McCurry v. Commonwealth, 205 Ky. 211; Mitchell v. Commonwealth, 206 Ky. 634; Shaw v. Commonwealth, 206 Ky. 781. This ground, therefore, is without merit.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.