## Philpot v. Commonwealth.

(Decided September 29, 1931.)

J. HENRY TAYLOR and W. J. STONE for appellant.

J. W. CAMMACK, Attorney General, for the Commonwealth.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, Ed Philpot, has been found guilty of manslaughter and sentenced to seven years in the penitentiary. He was tried separately from his brother and two others charged with the murder of Sam Farmer. The judgment of conviction of Tim Philpot was affirmed in Philpot v. Commonwealth, 236 Ky. 831, 34 S. W. (2d) 718. In that opinion may be found salient facts of the homicide, which occurred in a pistol battle at a barber shop and pool room in Cary, Bell county.

Evidence to be noticed in supplement to that stated in the opinion is that by which the commonwealth proved that the deceased was unarmed and had sought to quiet the others involved and to prevent bloodshed; that, however, he was the object of the abuse of those accused of his murder; and that during the major battle within the room the appellant at different times had his pistol pointed at him, although his stepson, Frank Ashburn, appeared to be the special object of the fire. Ashburn was shot in the chest, arm, and hip. The appellant concedes that he shot him. There was evidence that after the firing within the room had ceased and the appellant and some of his associates had gone out the door, the deceased started out with his hands up, and just as he exclaimed, "Lord have mercy!" a shotgun and pistol were fired outside the door and Farmer fell dead on and off the little porch in front of the room. His body bore

evidence of a shotgun wound and there was a hole in his body apparently made by a bullet. A battered .38 ball fell out of his clothing as he was picked up. It is admitted that Tim Philpot shot him with a shotgun, and that this appellant at the time and place had a .38 special revolver, which he admits having used effectively during the melee. It is also shown that Stewart, one of his associates, had a pistol of the same caliber.

The evidence of the commonwealth tended to prove that there was a concert of action between the appellant and his associates, not only before and during the fight within the room, but also when it was resumed after a momentary cessation. There is no direct evidence that it was this appellant who fired the pistol ball into Farmer's body, although the circumstances tend to prove that he did. The evidence was clear that he aided and abetted his brother, who, as said, admits firing the shotgun, so as to bring him within the general rule that when two or more persons unite to accomplish a criminal object, whether through the physical volition of one, or of all, proceeding severally or collectively, each individual whose will contributes to the wrongdoing is in law responsible for the whole the same as though performed by himself alone. Roberson's Criminal Law, sec. 181; Watkins v. Commonwealth, 123 Ky. 817, 97 S. W. 740, 29 Ky. Law Rep. 1273.

While it is the evidence which tends to prove the defendant's guilt that must be regarded in considering the question raised that the accused was entitled to a directed verdict of not guilty, it should be recorded that he denied having fired at Farmer and had confined himself to shooting at and to wounding Farmer's stepson in his own necessary self-defense. Also that Farmer had gone out the door with a knife in one hand and a piece of billiard cue in the other and that Tim Philpott killed him in his own defense.

The case was clearly one for the jury, and it cannot be said that the verdict is contrary to the evidence.

The appellant argued that his constitutional rights were invaded, in that the court was without jurisdiction, as the special judge who presided at his trial was not commissioned by the Governor.

The record discloses that upon the calling of the case on November 12th, a demurrer to the indictment was overruled, the jury was accepted and sworn, and that "the regular Judge being unable to preside further

in this case, it is agreed by the defendant in person and his counsel, J. H. Taylor, and by the Commonwealth and its counsel, that Hon. N. R. Patterson, attorney of this bar, preside as Special Judge to try this case, he possessing all the qualifications required by law, and being present accepted and was sworn as required by law.'' On the next day there was filed a designation by the Chief Justice of the Court of Appeals and a commission of the Governor of Mr. Patterson as special judge to preside at the regular November, 1930, term of the Bell circuit court to try all cases docketed for trial at that term. The trial of this case continued during that and the succeeding day without objection being raised by the appellant.

In the absence of statutory authority for the selection of a special judge, parties litigant may not confer judicial power upon any person, nor will they be estopped by their consent from denying jurisdiction. But where there is authority conferred by law for the selection of a special judge by agreement and there has been in fact a mutuality of consent to his acting, the court is properly constituted. Steinberger v. Taylor, 5 Ky. Ops. 106, 33 C. J. 1024. The power of the Legislature to provide for the manner of selecting special judges can hardly be questioned. Constitution, sec. 136; Rudd v. Woolfolk, 67 Ky. (4 Bush) 555. The exercise of the authority and the manner provided is found in section 971-6 of the statutes, the material portion of which is as follows:

"When, from any cause, the judge of the circuit court fails to attend, or being in attendance cannot properly preside in an action, proceeding or prosecution pending in said court . . . the parties, by agreement, may elect one of the attorneys of the court to preside on the trial . . . or hold the court for the occasion. . . ''

A special judge so selected has all the powers of the regular circuit court over which he is so designated to preside. Section 971-7, Statutes. The statutes do not require that he shall be commissioned by the Governor to act. A distinction is made in them between a special judge selected by agreement and one appointed or designated by the Chief Justice of the Court of Appeals, who must be commissioned by the Governor. Sections 971-8, 971-10, Statutes.

In Sergent v. Commonwealth, 133 Ky. 284, 117 S. W. 362, the regular judge became ill one day during the trial

and by agreement a member of the bar presided during that day, the regular judge resuming his place the following day. As was pointed out in that opinion, the statute gave the parties the right to agree upon the selection of a special judge and, having done so, the accused would not be heard to complain or allowed to repudiate his own act. There is no merit in appellant's contention.

The two grounds for a reversal submitted in appellant's brief being regarded as insufficient to reverse, it follows that the judgment should be, and it is, affirmed.