# Waggner v. Commonwealth.

September 26, 1944.

C. E. Rankin and Errol W. Draffen for appellant.

Eldon S. Dummit, Attorney General, and M. J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

The appellant was convicted of robbery and sentenced to seven years' confinement in the State Reformatory at La Grange. On this appeal from that conviction she complains (1) her motion for peremptory instruction should have been sustained, (2) the instructions were erroneous in that they did not require the jury to believe a state of facts constituting robbery, (3) there was no instruction on grand larceny, and (4) if the instruction on robbery was proper, then the verdict was against and not supported by the evidence.

The indictment in apt and sufficient language charges the appellant with the crime of which she was convicted, and its sufficiency as a robbery indictment is conceded.

To support its accusation, the Commonwealth introduced only the prosecuting witness, Charles D. Johnson, the substance of whose testimony was as follows:

The witness is a solicitor and collector for a milling company and lives at Harrodsburg. On the occasion mentioned in the indictment and in the evidence, as he was driving in his automobile from some point in Jessamine County to his home at Harrodsburg, he was hailed by a woman and her two male companions. Thinking that they were students from Asbury College, he stopped and picked them up. It subsequently developed that these persons were the appellant and Norman Davis and Russell Heit, who by prearrangement were hitch-hiking from Indianapolis to Tennessee and Louisiana. When they entered the car the appellant and Davis seated themselves with the witness, the appellant occupying the center of the seat, and Heit seated himself in the rear. When they arrived at a point in Mercer County about five miles distant from Harrodsburg, Heit pointed a pistol at the witness' head, told him it was a holdup and ordered him to drive to one side of the road, which the witness did. At the suggestion of Heit, Davis reached over and removed the switch key, went around to the far side of the car and required the witness and the appellant to move over, and thereupon Heit reached into the witness' right hand inside coat pocket and removed the witness' pocketbook, which contained currency and checks amounting to from five hundred to six hundred dollars, and the appellant, at the direction of Heit, ran her hand over the outside of the witness' coat pocket to ascertain whether he had a gun. Heit then handed the pocketbook to the appellant, and the witness saw nothing more of it or its contents until after the trio had been arrested. From the point of the robbery Davis drove the car until the party reached Harrodsburg, where the prosecuting witness, thinking they were going to kill him anyway, grabbed the steering wheel and ran the car into the pavement, thereby causing the motor to stop. When he did that Davis and Heit fled from the automobile. Heit striking the witness over the head with the pistol as they did so. At this point the appellant grabbed the witness by the head and tried to push him down in the car but failing in her effort, she too fled. The witness saw nothing more of the three until after they had been arrested some hours later, at which time he discovered

that the appellant had changed her clothing by reversing her coat and sweater. The prosecuting witness further testified that after he had been robbed and after the appellant had searched him, she made an examination of the glove compartment in the car and then took her handkerchief and removed any fingerprints. The appellant introduced no testimony except that given by herself. The substance of her testimony was that she and her two companions were hitch-hiking from Indianapolis, she to visit a brother in Louisiana and they to visit relatives in Tennessee. She stated that nothing had been said previously about any robbery or hold-up and that she was not expecting any. She admitted receiving the pocketbook from Heit and said she threw it down back of a storebuilding after she left the automobile. She denied that she searched the prosecuting witness or examined the glove compartment or wiped off any fingerprints. She likewise denied that she grabbed the prosecuting witness by the head or attempted to push him down in the car, but admitted that she did change her sweater and coat as testified to by the prosecuting witness. On cross-examination she stated that her two companions were in La Grange serving twenty-one years on pleas of guilty.

At the close of the evidence, the court gave the jury the following instructions:

"1. If you believe from the evidence beyond a reasonable doubt in Mercer County, on Jany 1944, at the time mentioned in testimony, defendant, Pauline Waggner willfully, feloniously and by force took, stole and carried away from Charles D. Johnson against his will and consent property of value, pocket book, property of said Johnson, with intent, fraudulent and felonious, to convert same to her own use or to the use of those with her, and to deprive said Johnson permanently thereof, then you will find defendant guilty and fix the punishment at confinement in the penitentiary for not less than two nor more than ten years.

"2. If upon the whole case you have a reasonable doubt of defendant being proven guilty, you will find her not guilty."

On behalf of the appellant it is insisted that since the indictment did not disclose that her companions participated in the robbery, the testimony that they did is so incompetent and so at variance with the allegations

in the indictment as to have entitled her to a peremptory instruction. In anticipation, however, of an adverse ruling on that contention, her counsel assume that the evidence is not sufficient to prove that the appellant used any force, or created any fear on the part of her victim, or assisted in the taking from him. Proceeding on that assumption, and at the same time taking the view that force and fear, conjunctively, are indispensably requisite to the crime of robbery, they reach the conclusion and vigorously argue that the trial court was in error both in his wording of the robbery instruction and in his failure to instruct on larceny.

The evidence complained of merely and simply showed the manner and circumstances of the robbery. Not only was it competent for that purpose, it also clearly established that appellant was present and participated with her two companions in the commission of the crime. In law, this fastened the crime upon her just as much as if she had acted alone. As stated in Roberson's Criminal Law, sec. 181, and as held in the case of Philpot v. Commonwealth, 240 Ky., 289, 42 S. W. 2d 317, 318: "When two or more persons unite to accomplish a criminal object, whether through the physical volition of one, or of all, proceeding separately or collectively, each individual whose will contributes to the wrongdoing is in law responsible for the whole the same as if performed by himself alone."

The objection that the instruction did not indicate to the jury that both force and fear were essential elements, is likewise untenable. It is well settled, from Blackstone down, that either is sufficient. And it is equally well settled by Armstrong v. Commonwealth, 190 Ky. 217, 227 S.W. 162, and innumerable other cases, that any force sufficient to take one's property against his will is robbery.

As to the appellant's complaint that a larceny instruction should have been given, it is true that larceny is a degree of robbery. But since larceny implies a taking by stealth, with an absence of such fear or force as would constitute robbery, it is at once evident that under the testimony and the facts of this case the appellant was not entitled to such an instruction.

The rules and principles invoked in the authorities relied on by the appellant are not available to her under the facts in this case.

After a careful consideration and study of each ground urged on behalf of the appellant, this Court is of the opinion that the judgment of the lower court should be and it is affirmed.