THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN MARENGO SANTIAGO, Defendant and Appellant.

No. 11632.   Argued December 13, 1946.—Decided January 14, 1947.

*Buenaventura Esteves* for appellant.   *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from a judgment sentencing the defendant to eighteen months' imprisonment after conviction by a jury on a charge of robbery. The appellant assigns two errors which we consider together: (1) the district court erred in denying his motion for a nonsuit; (2) the verdict of the jury is not sustained by the evidence.

The appellant contends that the People made no showing that property had been taken by the defendant from

the victim by means of force and fear. But he misreads § 238 of the Penal Code, which defines the crime of robbery.[1] That Section requires only that the taking be accomplished by force *or* fear; it is not necessary that both force and fear be employed. *People* v. *Borra,* 11 P.(2d) 403 (Calif. 1932); *Hood* v. *State,* 157 P.(2d) 918, 921 (Okla. 1945); *Wagner* v. *Commonwealth,* 182 S.W.(2d) 661, 663 (Ky. 1944); *People* v. *Coleman,* 127 P.(2d) 309, 315 (Calif. 1942). Since fear alone is sufficient, the crime of robbery may be committed without the use of physical violence. It is sufficient if by word, conduct or circumstances, fear—an apprehension of danger—is created in the mind of the victim. *People* v. *Borra, supra; State* v. *Woodworth,* 1 A.(2d) 254, 258 (N.J. 1938); *Koby* v. *State,* 198 N.E. 88 (Ind. 1935); Burdick, Law of Crime, § 599, pp. 415–17. As the court points out in the *Koby* case at pp. 90–91: ". . . the actual use of violence is not essential to the commission of robbery if the conduct of the alleged robber is such as to put the victim in fear of bodily injury in case of noncompliance with the robber's demand. . . . Actual fear need not be proved, as a legal presumption of fear will arise from facts clearly indicating a cause therefor. . . . Obviously, the victim should not be required to test the sincerity of his attacker's threat to use violence if the conduct of the attacker is such that the victim reasonably believes that he will be subjected to personal violence in case of noncompliance with the attacker's demands."

Under the foregoing test, the record contains sufficient testimony to sustain both the denial of a non-suit and the verdict of guilty. The victim testified that the defendant waylaid him in an alley, pushed him to the ground, got on top of him, and took $12.75 in cash out of his watchpocket

---

[1] Section 238: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear."

while he was on the ground. He testified that he let the defendant take the money because he valued his life more than a hundred dollars, and that he yelled for his nearest neighbor as he thought the defendant was going to assault him because a person who takes money from one in this manner is apt to use force to accomplish his purpose.

Even if we assume, without deciding, that these facts did not constitute a taking by force, under § 238, the evidence certainly demonstrates that the victim permitted the defendant to take his money because of his apprehension that physical harm would be inflicted on him if he resisted. And that, as we have seen, is sufficient to constitute a taking accomplished by fear as required by § 238.

It is true that some, or perhaps many, men would stand their ground under these circumstances with the result that they would either overcome the robber or be both beaten and robbed. But a peaceable citizen is not obligated to display such extraordinary valor. And if he chooses instead to relinquish his property or money under apprehension of violence if he refuses to do so, the defendant under those circumstances has taken property by fear in violation of § 238.

The defendant also points to certain minor discrepancies in the testimony of the victim and other witnesses. We find nothing in these discrepancies which compel us to set aside the verdict of the jury. Indeed, even if we put to one side the testimony of the other witnesses, this court has held that the testimony of a single witness, if it is believed, is sufficient to convict for robbery. *People* v. *Cruz*, 61 P.R.R. 696. And the verdict here is amply sustained by the testimony of the victim.

The judgment of the district court will be affirmed.