**Elmer Joseph JAGGERS, Petitioner,**

**v.**

**Brent C. OVERSTREET, Special Judge and Frank A. Ropke, Presiding Judge, Respondents.**

Court of Appeals of Kentucky.

Jan. 20, 1967.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, amici curiæ.

Stuart L. Lyon, David Kaplan, Jim Webb, Louisville, for petitioner.

Carl C. Ousley, Jr., First Asst. Commonwealth's Atty., Louisville, for respondents.

DAVIS, Commissioner.

Elmer Joseph Jaggers has been found guilty of murder by a jury whose verdict fixed his punishment at death. By this original proceeding in this court Jaggers seeks to prohibit Honorable Brent C. Overstreet from "any further trial authority in this case." An order denying the relief was entered December 16, 1966, and this opinion will relate the court's bases for the order.

Honorable Frank A. Ropke is the regularly elected and presiding judge of the Jefferson Circuit Court, First Criminal Division. Judge Ropke was made a respondent herein but no specifice relief is sought against him. For an interval after October 6, 1966, Judge Ropke was unable to preside over the court due to illness. On that date an order was entered reciting that Judge

Ropke was necessarily absent and that no other judge of the Jefferson Circuit Court was present to hold court. The order reflects that " * * * the members of the bar held an election and the Honorable Brent C. Overstreet, a member of this bar, having qualifications as a circuit judge, was elected special judge for this occasion. Thereupon, came Brent C. Overstreet and qualified as such special judge by taking the oaths as prescribed by law."

It appears that Judge Ropke's indisposition continued, and that a similar order appointing Mr. Overstreet was entered at the opening of each day's session of that division of the Jefferson Circuit Court. The trial date for Jaggers' murder trial was November 1st, 1966. An order was entered November 1st, 1966, again reciting the absence of Judge Ropke and other judges, and the election of Mr. Overstreet as special judge " * * * for this occasion and period."

A subsequent trial order for November 1st, 1966, reflects that petitioner Jaggers appeared in person and with counsel, and that the trial was had before a duly qualified jury. The same order includes the jury's verdict.

On November 4, 1966, petitioner filed motion and grounds for new trial, enumerating several grounds upon which he deemed himself entitled to have the verdict set aside and a new trial of the cause. There was no reference in the motion and grounds for new trial to any objection concerning the regularity of the appointment of the special judge who had tried the case. It is conceded that neither Jaggers nor his counsel interposed any objection to Mr. Overstreet's acting as special judge in the case.

KRS 23.230 furnishes the mechanism for appointment of special circuit judges in this jurisdiction. In pertinent part Subsection (1) of the statute provides:

"When, from any cause, a judge of any circuit court * * * fails to attend * * * the parties, by agreement, may elect one of the attorneys of the court to preside on the trial or hear the application, or hold the court for the occasion. * *"

Subsection (2) of KRS 23.230 makes provision for the appointment of a special circuit judge by the Chief Justice of the Court of Appeals in specified situations, including a situation in which the parties cannot agree upon an attorney as provided in Subsection (1), but is not apposite here.

The order of the court relating to the "election" of Mr. Overstreet leaves much to be desired as recital of his "election" by agreement of the parties. Better practice would suggest the entry of a written agreement of the parties that the particular case be submitted to a special judge in compliance with KRS 23.230(1). However, the statute makes no requirement that the "election" by "agreement of the parties" be documented by any formal writing subscribed by the parties. It is manifest that petitioner and his counsel were present in the court when the trial opened. It is certain that all parties to the case knew that Judge Ropke was not present and that Mr. Overstreet was performing as a special judge in his stead. There was no whisper of objection to Mr. Overstreet's presiding. In our view this was tantamount to an agreement by all parties that Mr. Overstreet should serve as the special judge in the murder trial of petitioner Jaggers.

There can be no doubt that Jaggers and his counsel could have explicitly agreed for Mr. Overstreet to serve as special judge pursuant to KRS 23.230(1). See Philpot v. Commonwealth, 240 Ky. 289, 42 S.W.2d 317; Sergent v. Commonwealth, 133 Ky. 284, 117 S.W. 362. Participation in the trial before Special Judge Overstreet, without objection to his authority to so preside, was agreement to his election as special judge, and as effective as an explicit written agreement would have been.

It is suggested that in capital cases this court will reverse for error, even

if timely objection was not made. So it is, but that principle does not afford a basis for relief here. In the first place, it is settled that a litigant, including a defendant in a criminal case, may waive objection to irregularity in the appointment of a special judge. See Feck v. Commonwealth, 264 Ky. 556, 95 S.W.2d 25; Sergent v. Commonwealth, 133 Ky. 284, 117 S.W. 362; Tabor v. Armstrong, 30 KLR 938, 99 S.W. 957. Thus, the failure to object to Special Judge Overstreet was not failure to object to a prejudicial error—it was an agreement that he serve, hence there was no error. Secondly, even if there had been error it would have been one reviewable by appeal. In such case the extraordinary remedy sought here is not available. Massengale v. Warren, Ky., 378 S.W.2d 221; Wright v. Ropke, Ky., 393 S.W.2d 796.

For the reasons herein assigned, the relief sought has been and is denied.