**Clifford Ray HALL and James Herbert Fultz, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Oct. 28, 1977.

Clifford Ray Hall, pro se.

James H. Fultz, pro se.

Robert F. Stephens, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

On October 4, 1974, Hall and Fultz were jointly indicted for: (1) the offense of robbery of People's Bank of Sandy Hook, Kentucky and in so doing used a deadly weapon; (2) imprisoning Betty Ison against her will. See KRS 433.140 and KRS 435.150.

Their trial began February 13, 1975, and was concluded the next day. The jury convicted both of them on each count and fixed the punishment of each at 35 years' imprisonment on Count No. 1 and 15 years' imprisonment on Count No. 2. They retained counsel, who represented them at trial. The trial court sentenced them in conformity with the jury's verdict. He directed the sentences be served concurrently. No appeal from the judgment was taken in the time prescribed by the rules of this court.

After trial the court appointed a public defender to represent them. They promptly filed a motion for his discharge. Both of them desired to prosecute their own appeal because, "the petitioners have a lack of confidence in the public defender's office to adequately, properly, and effectively carry forward their appeal due to the heavy case load the public defender's burdened with." In their own representation they have barraged the Elliott Circuit Court, the United States District Court for the Eastern District of Kentucky, as well as this court, with motions, writs of prohibition, writs of mandamus, pleadings, traverses, petitions for habeas corpus, narrative statements, petitions for belated appeal, motions for extensions of time, subpoenas ad testificandum, and numerous other pleadings.

This court denied their motion for belated appeal. The United States District Court for the Eastern District of Kentucky granted their petition for habeas corpus to the extent that it gave the Elliott Circuit Court 90 days from March 17, 1976 to resentence Hall and Fultz. The trial judge of the United States District Court held that Hall and Fultz had not been informed of their right to appeal when they were first sentenced.

Because of illness of the regular judge, a special judge was appointed to conduct the business of the Elliott Circuit Court. Hall and Fultz were resentenced by the special judge on June 15, 1976. He directed that their respective sentences be served consecutively. On June 22, 1976, Hall and Fultz filed motion and grounds for a new trial. That motion was overruled. The following

day their appointed counsel filed notice of appeal. The special judge granted their request to prosecute the appeal without payment of costs.

Hall and Fultz present a number of issues in support of their argument for reversal. These substantially condensed are: (1) a juror lied on voir dire and should have been excused from the panel; (2) they were improperly resentenced; (3) ineffective assistance of counsel; (4) the integrity of the evidence was not preserved by the Commonwealth; (5) misconduct of the trial judge; (6) they were entitled to a change of venue; (7) the trial court should have granted their request for subpoenas; (8) all assignments of error separately or collectively constituted denial of due process of law. In substance they contend their attorney, clerk of the court, Commonwealth's Attorney, and the trial court, conspired and agreed for a juror to be excused without their consent. They insist the whole court was against them. They accused their attorney of saying: "Well I'll just go out there and I'll be ineffective and maybe you'll get it moved to a new county."

A resume of the facts reveals that on October 3, 1974, around noon, Fultz "held up" the People's Bank of Sandy Hook, Kentucky. He flourished a "black" pistol, handed a note to a bank teller and directed her to put "all the money" in a "sack" that he produced. The teller complied with the request. She placed all the money from the desks of three bank tellers in the sack. The total amount taken in the "hold up" amounted to $14,352.64, and included that which was referred to as "bait money."[1] Fultz also took Betty Ison, a bank employee "seven or eight" months pregnant, as a hostage. Several witnesses testified that Fultz was the "hold up" artist. Hall was the driver of the "get-a-way" automobile. Betty Ison was taken to a motel in Columbus, Ohio, where she was bound and gagged. Shortly after the robbers left, she was able to free herself, and later notified the authorities.

On October 14, 1974, the Kentucky State Police apprehended Hall and Fultz as they attempted to run through a "road block." Fultz had some of the "marked money" in his possession. Most of the money was found in the possession of Hall and Fultz and in the automobiles they were operating.

At trial Hall and Fultz presented an alibi as their defense. Each testified that at the time of the robbery they were at the penitentiary at Eddyville, where they had gone to visit friends. Both were on parole. Hall was paroled in May 1974; Fultz in August 1974. In explanation of money found in their possession, Fultz testified he had $8000.00 he had earned in the penitentiary by selling televisions to other inmates. As to the "marked money," they insisted it may have been won in a poker game in Cumberland, Kentucky, the preceding night.

The record reveals that prior to trial in this case Hall and Fultz were convicted in the United States District Court for the Eastern District of Kentucky for armed robbery of a bank in Salt Lick, Kentucky. They were each sentenced to a term of 35 years in federal prison.

This court has reviewed the entire record and has considered each point raised by Hall and Fultz on appeal. The court concludes as follows:

■ It is noted that 14 jurors were impaneled to try the case. It was called to the attention of the trial court that one juror, the father of a witness for the prosecution, failed to state his relationship to the witness on voir dire. A hearing on the matter was held in chambers. Counsel for the parties agreed that the juror should be excused. The clerk was directed to draw that juror's name, along with the name of another juror, from the jury box when the case was submitted to the jury. Because two jurors had to be excused, the juror complained of was properly excused under

---

1. Money which had been microfilmed to show serial numbers, and marked for identification by each teller.

RCr 9.36 on the challenge for cause which was made in chambers. Consequently, the matter of excusing the juror did not violate RCr 9.32.

■ Hall and Fultz were not deprived of due process by the manner in which they were resentenced. They argue that because they were not notified of the appointment of a special judge, they were denied their right to object. Nevertheless, the record reveals that no objection was made at the hearing as to the appointment of the special judge. Because it was not called to the attention of the trial court, there was no error. When Hall and Fultz failed to object to the authority of an appointed special judge at trial, they waived any objections to any irregularities in such appointment. *Jaggers v. Overstreet*, Ky., 412 S.W.2d 238 (1967). This court is of the opinion that the resentencing was properly conducted on June 15, 1976. That was motion day for the Elliott Circuit Court. Under the provisions of KRS 23.125, other business to be dispatched is permitted. The resentencing of Hall and Fultz was other business.

■ The record refutes the contention of Hall and Fultz that their retained counsel was ineffective. It reveals that Hall and Fultz chose to hire their own counsel rather than have one appointed. The lawyer chosen by them had much experience in the trial of cases. He served as county attorney for eight years, and had more than 14 years' experience in representing defendants in the trial of criminal cases. Although Hall and Fultz disagreed with the trial strategy of their lawyer, they had employed him to sail the trial ship. Hall and Fultz waited until the day of the trial to indicate they disagreed with their lawyer's decision to not subpoena witnesses incarcerated in the state penitentiary at Eddyville. They failed to show good cause for the delay in making this disagreement known to the court. RCr 9.04. They had every right at that time, if counsel was so ineffective, to discharge him as their attorney. Their attorney offered to withdraw as counsel. There is absolutely no evidence

that their retained counsel engaged in jury tampering by concurring with the court on the manner in which the juror was excused. This court does not find the circumstances of the representation were such as to shock the conscience of the court and to render the proceedings a farce and mockery of justice. *Wahl v. Commonwealth*, Ky., 396 S.W.2d 774 (1965).

■ There is no merit to the contention of Hall and Fultz that marked currency introduced as evidence was not admissible. There was sufficient testimony to prove that the "bait money" stolen from the bank was properly confiscated from Hall and Fultz and marked at the time of the arrest. The money was positively identified by bank officials. There is ample evidence in the record pertaining to the control and possession of the money introduced in evidence. In no way did the introduction of the money found in the possession of Hall and Fultz as evidence prejudice their right to a fair trial and due process of law.

There is nothing in the record to support the contention of Hall and Fultz as to the misconduct of the trial judge. There is no evidence that he mistreated either of them in any fashion. On the contrary, the record indicates that the trial court was patient to a point almost beyond the tolerance of any court.

■ There is absolutely no merit to the contention of Hall and Fultz that the trial court erred in denying their motion for a change of venue. The motion for change of venue was made on the day of the commencement of trial. There was nothing in the record to show that the publicity concerning the bank robbery was not such as to deny a fair trial. ". . . failure to make a timely motion to transfer the prosecution to the proper county shall be deemed a waiver of the venue of the prosecution." KRS 452.650.

This court does not agree with Hall and Fultz that their trial was so replete with error that they were denied due process of the law. A jury selected by them heard all of the evidence. The trial court properly

instructed the jury. Closing arguments were made by counsel for Hall and Fultz, and the Commonwealth's Attorney. The jury chose not to believe their alibi. It accepted the testimony of the witnesses for the prosecution. Hall and Fultz were properly resentenced. When they were conveyed by the sheriff of Elliott County to the penitentiary it was not a maiden voyage for either of them.

It is the opinion of this court that the judgment should be and it is affirmed.

All concur.